19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MOSELEY, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4029.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Moseley, Sr., a former police officer, was named in one count of a 24-count indictment as a conspirator in a drug trafficking scheme. Moseley allegedly relayed confidential information about police activities to other members of the conspiracy. Pursuant to a Fed.R.Crim.P. 11 plea agreement, Moseley pleaded guilty to the use of a communication facility in furtherance of a drug offense, a violation of 21 U.S.C. Sec. 843(b). The plea agreement stipulated the amount of drugs involved, more than 3,000 grams of cocaine and more than 30 grams of cocaine base (crack), and included a recommendation for a 48-month sentence, the statutory maximum. Moseley was sentenced to serve 48 months of imprisonment and one year of supervised release. He did not appeal the conviction or sentence.
 
 
 3
 In a motion to vacate sentence under 28 U.S.C. Sec. 2255, Moseley presented four claims: that his sentence was illegal, that no factual basis was established for the guilty plea, that the district court failed to resolve contested matters in the presentence report, and that his guilty plea was coerced by misconduct of the prosecutor. On appeal, Moseley claims that he received ineffective assistance of counsel.
 
 
 4
 Upon review, we conclude that the motion to vacate sentence was properly denied. Moseley has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Moreover, he is not entitled to review under Sec. 2255 because he has not established cause for or actual prejudice from his failure to bring a direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Moseley's claim of ineffective assistance of counsel, raised for the first time on appeal, need not be considered by the court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 5
 Moseley's first claim, that his sentence was erroneously based on the quantity of drugs attributable to the drug distribution scheme, lacks merit. Under the sentencing guidelines, the offense level for a violation of 21 U.S.C. Sec. 843(b) is that level which is applicable to the underlying offense, in this case, conspiracy to distribute cocaine and cocaine base. See U.S.S.G. Sec. 2D1.6.
 
 
 6
 His second claim, that no factual basis was established for the guilty plea as required by Fed.R.Crim.P. 11(f), lacks merit. Rule 11(f) requires that the district court make a sufficient inquiry to satisfy itself that there is a factual basis for the plea. United States v. Goldberg, 862 F.2d 101, 106 (6th Cir.1988). Review of the record shows that the district judge repeatedly asked Moseley whether he understood the nature of the crime charged and whether he was certain he wanted to plead guilty; Moseley answered affirmatively, saying that he had intentionally relayed confidential police information to other members of the charged conspiracy.
 
 
 7
 Third, Moseley's allegation that the presentence report contains unresolved issues is similarly unavailing. See United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990). To be entitled to relief under 28 U.S.C. Sec. 2255, a petitioner must raise grave doubts as to the veracity of the information and show that the district court relied on that false information at sentencing. Id. Review of the record below shows that, although the district court noted that certain factual allegations were in dispute, the parties agreed that the disputed allegations were not material.
 
 
 8
 Fourth, Moseley's allegations of prosecutorial misconduct lack merit. The prosecutor's efforts to discourage a defendant's assertion of his right to trial are not necessarily unconstitutional. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). The allegation that the prosecutor interfered with a potential witness is spurious; Moseley acknowledged it was based not on evidence, but on his "feeling."
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.