21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lee KIRVAN, Defendant-Appellant.
 No. 93-6230.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Gary Lee Kirvan, convicted upon guilty plea of armed robbery in violation of 18 U.S.C. Sec. 2113(d), appeals from the sentence imposed. For the reasons to follow, we VACATE and REMAND for RESENTENCING.
 
 I.
 
 2
 Defendant was charged on May 20, 1992, in a two-count indictment for armed bank robbery (count one), and knowingly using or carrying a firearm during a bank robbery in violation of 18 U.S.C. Sec. 924(c) (count two). Trial was originally set for July 14, 1992, but was delayed until June 29, 1993, because of various motions for continuance filed by defendant. Defendant pled guilty to count one of the indictment on the morning of trial. As part of the plea agreement, the government agreed to stand moot on the issue of acceptance of responsibility.
 
 
 3
 The presentence report calculated defendant's total adjusted offense level at 27 pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2B3.1 (Nov.1992). This calculation included a two-level increase for obstruction of justice based on defendant's two purported attempts to escape from custody while awaiting trial, and a two-point reduction for acceptance of responsibility based on defendant's admission of guilt and expression of remorse. With a criminal history category of I, defendant's recommended sentencing range was 70 to 87 months. See Guidelines Manual, Ch. 5, Pt.A. Defendant filed objections to the report, challenging the factual bases for the proposed obstruction of justice enhancement, and requesting a third-level reduction for acceptance of responsibility.
 
 
 4
 At the conclusion of a sentencing hearing, the district court sentenced defendant to serve 78 months, to be followed by 5 years of supervised release. This timely appeal followed.
 
 II.
 
 5
 Defendant argues that the obstruction of justice enhancement was improper because it is not supported by the evidence and that there are no findings as to challenged factual issues as required by Fed.R.Crim.P. 32(c)(3)(D). The presentence report found that on one occasion jail personnel had found a hole in the wall of defendant's cell as well as a homemade hammer and chisel, and on another, a metal object resembling a jail door security key. Before the district court, defendant challenged the presentence report's "conclusion" that his action indicated attempts to escape, maintaining rather that "the hole in the wall and the key would have led to another area within the jail that could have provided access for passing of cigarettes within the facility" (although prohibited). The government concedes that the district court made no findings of fact, but asserts that it has met its burden of proof on the issue.
 
 
 6
 In United States v. Mandell 905 F.2d 970, 973 (6th Cir.1990), this court held that "[a] defendant demanding a resentencing due to a violation of Rule 32(c)(3)(D) needs only to show that '(1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing.' " Id. at 973 (quoting United States v. Eschweiler, 782 F.2d 1385, 1389 (7th Cir.1986)). That the district court has made the adjustment does not permit the reviewing court to infer that an express finding that the court accepted the allegation; to do so vitiate the requirement for an express finding. Id. In other words, "Rule 32(c)(3)(D) is intended to ensure that the defendant's concerns over disputed allegations in the presentence report have been considered by the district court whose reasoning is shown on the record for both the benefit of the defendant and for us on review." Id. at 974 (citation omitted). Because defendant has clearly demonstrated both factors, a remand is in order. If the district court finds that defendant did in fact attempt to escape, an enhancement based on obstruction of justice may be appropriate. See U.S.S.G. Sec. 3C1.1, comment. (n. 1).
 
 
 7
 Defendant further contends that he is entitled to a third-level reduction under Sec. 3E1.1(b) for accepting responsibility and cooperating with the government by providing handwriting exemplars and fingerprints. However, as the district court pointed out, defendant had "no choice but to present the handwriting and fingerprints." S.Tr. 11. In addition, the district judge also stated that "[t]here may have been some assistance, but I do not believe that it was substantial assistance. I take into consideration the fact that there was some assistance in determining where in the guideline range Mr. Kirvan is to be sentenced." S.Tr. 17. This explicit statement by the court satisfies the dictates of Rule 32(c)(3)(D) and our holding in Mandell. See United States v. Herrera, 928 F.2d 769, 774 (6th Cir.1991) (defendant's challenge on appeal that court failed to make required finding with respect to dispute concerning acceptance of responsibility rejected where district court stated that "[w]ith regard to the objections that have been raised ... I'm going to deny the objections," dictates of Rule 32 and Mandell were met).
 
 
 8
 The record reflects that defendant did not plead guilty until the day of trial, after having received four continuances. Defendant's guilty plea, standing alone, does not entitle him to a reduction for acceptance of responsibility, United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991); and, as pointed out by the district court, defendant had no choice but to provide the handwriting exemplars and fingerprints. We therefore conclude that the district court's factual findings that defendant had not accepted responsibility were not clearly erroneous. United States v. Williams, 940 F.2d 176, 181 (6th Cir.1991), cert. denied, 112 S.Ct. 666 (1991).
 
 
 9
 The sentence is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.