64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lee KIRVAN, Defendant-Appellant.
 No. 94-6493.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Gary Lee Kirvan appeals his judgment of conviction and resentencing, after this court vacated his initial sentence and remanded the case for appropriate findings of fact. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1993, Kirvan pleaded guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Kirvan was sentenced to 78 months of imprisonment. In his first appeal, Kirvan argued that: 1) the district court improperly enhanced his sentence for obstruction of justice; and 2) he is entitled to a three-level reduction in his offense level under USSG Sec. 3E1.1(b) for acceptance of responsibility and for cooperating with the government. A panel of this court concluded that although Kirvan was not entitled to a three-level reduction for acceptance of responsibility and for cooperating with the government, he was entitled to a remand for the district court to make findings of fact regarding its enhancement of his offense level under USSG Sec. 3C1.1 for obstruction of justice. United States v. Kirvan, No. 93-6230, 1994 WL 118062 (6th Cir. Apr. 5, 1994) (unpublished). Upon remand, the district court expressly found that defendant was involved in an attempt to escape from the jail and, thereupon, reimposed a 78 month term of imprisonment.
 
 
 3
 In his present appeal, Kirvan's counsel has filed a motion to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although believing the appeal to be without merit, counsel has submitted the following two issues for review: 1) whether the district court properly denied Kirvan's motion to withdraw his guilty plea; and 2) whether the district court properly enhanced his sentence for obstruction of justice. Although invited to do so, Kirvan has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in denying Kirvan's motion to withdraw his guilty plea. See United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). Kirvan has not shown any just and fair reason why he should be permitted to withdraw his guilty plea. See United States v. Alexander, 948 F.2d 1002, 1003-04 (6th Cir.1991) (per curiam), cert. denied, 502 U.S. 1117 (1992); United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988). The district court also properly enhanced Kirvan's offense level for obstruction of justice as Kirvan's attempt to escape from custody prior to sentencing constituted obstructive conduct. See USSG Sec. 3C1.1, comment. (n. 3); United States v. Moss, 9 F.3d 543, 553 (6th Cir.1993); United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991).
 
 
 5
 Finally, review of the record also reflects that Kirvan entered a valid guilty plea with a full understanding of its direct consequences. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.