UNITED STATES of America

v.

AMERICAN BAG & PAPER CORP., Appellant.

No. 79–1836.

United States Court of Appeals,
Third Circuit.

Argued Oct. 12, 1979.

Decided Nov. 21, 1979.

Edward C. German (argued), Philip A. Ryan, James M. Marsh, Philadelphia, Pa., for appellant.

John H. Shenefield, Asst. Atty. Gen., Barry Grossman, Andrea Limmer (argued), Attys., Dept. of Justice, Washington, D.C., Walter Devany, Atty., Dept. of Justice, Philadelphia, Pa., for appellee.

Before ADAMS, ROSENN and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

We are asked in this appeal to reverse the Unites States District Court for the Eastern District of Pennsylvania and allow American Bag & Paper Corp. ("American Bag") to withdraw its plea of nolo contendere to a charge of violating section 1 of the Sherman Act. The appeal is predicated upon the contention that the district court, in imposing interest in addition to the fine agreed upon as part of a plea bargain, rejected the terms of the plea bargain and, that thus, under the terms of the agreement itself and Fed.R.Crim.P. 11(e)(4), American Bag is entitled to withdraw its plea. American Bag makes this contention even though on remand the district court vacated the interest portion of its original

judgment. We reject American Bag's contention and affirm the judgment of the district court.

## I.

On June 1, 1977, American Bag tendered a plea of nolo contendere to a one-count indictment charging it with a violation of the Sherman Act, 15 U.S.C. § 1 (1976). The plea was offered pursuant to the terms of an agreement entered into between the Government and American Bag. Under the terms of that agreement, American Bag agreed to tender a plea of nolo contendere and cooperate fully with the Government. The Government in turn agreed to recommend a fine of $500,000 to be paid in annual installments of $50,000 each over a ten year period. The agreement further provided that "if [the court] should for any reason determine not to follow the Government's recommendation the corporation would be afforded the opportunity to withdraw the plea of nolo contendere."

From the record it appears that both American Bag and the Government carried out their respective obligations under the agreement and neither of the parties contends to the contrary.[1] The dispute, however, concerns the action of the district court.

At the time of sentencing the district court imposed the fine provided by the plea bargain—$500,000 to be paid in ten annual installments of $50,000 each. In addition, however, the court imposed interest on the unpaid balance at the rate of six percent per annum. It is the question whether the imposition of interest constituted a rejection of the plea agreement which forms the subject matter of this appeal.

American Bag argues that the initial imposition of interest, when the plea agreement itself was silent on the matter of interest, amounted to a rejection of the plea agreement. Thus, it asserts that the court triggered the provisions of Fed.R.Crim.P. 11(e)(4) (and of the plea agreement itself) which provide that withdrawal of a plea offered pursuant to the terms of a plea bargain shall be allowed when the court rejects the terms of the bargain. Further, American Bag argues that the court explicitly committed itself to allow withdrawal in such an event when it stated: "[I]f the court believes that the recommended sentence is inadequate, the court will allow the entry of a plea of nolo contendere to be withdrawn on behalf of American Bag & Paper Corporation."

■ After imposition of sentence American Bag filed an appeal with this court without first having moved in the district court for withdrawal of its plea. Before the appeal was heard, American Bag filed a motion before the district court asking, *inter alia*, that the court vacate the interest portion of its judgment. Because of the pending appeal, the district court denied that motion without prejudice for lack of jurisdiction.[2] In our consideration of that first appeal we noted the absence of a motion for withdrawal of the plea in the district court. *United States v. American Bag and Paper Corp.*, No. 78–2329 (3d Cir. March 29, 1979) at 3. More importantly, however, we observed that the record was not clear whether the district court had determined that the sentence recommended pursuant to the plea agreement was inadequate and thus whether it "viewed its action as a rejection of the plea bargain agreement." *Id.* at 4.[3] Accordingly, we

---

1. Our holding in *United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976), is therefore inapposite.

2. In its memorandum denying the motion, however, the district court stated:

    [T]he court is also of the belief that the plea agreement between American and the Government was ambiguous as it relates to the issue of interest. Accordingly, the court, if it had jurisdiction, would be prepared to

allow American's motion and to remove the imposition of interest . . . .

3. But for the decision in the first appeal by a different panel of this court, Judge Adams would conclude that the initial imposition of interest did amount to a rejection of the plea bargaining agreement, and that the district court so understood its action. The record indicates that after the district court added to the recommended fine of $500,000 a 6% inter-

remanded to the district court for clarification.

On remand the district court denied American Bag's motion to vacate the sentence and withdraw its plea. The court, however, did vacate the interest portion of its judgment but retained the principal of the fine—$500,000 payable in ten annual installments. Although it expressed its belief that the original imposition of fine with interest was "more adequate," the court specifically found that the fine of "$500,000 payable in ten equal installments and without interest is adequate." Thus, the court's earlier addition of interest was not intended as a rejection of the plea agreement. Instead, the court indicated that, given the plea agreement's silence as to interest, it had felt free to impute interest on the basis of accepted principles of commercial law. As we have indicated, the court ultimately abandoned this position.

## II.

■ Generally, when there has been a breach of a plea bargain by the Government the district judge has the discretion to determine the appropriate remedy. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Thus the district court may choose to conform the sentence to the provisions of the plea bargain or allow withdrawal of the plea. Under the provisions of Fed.R.Crim.P. 11(e)(4), a court must allow withdrawal of a plea when it chooses to reject the terms of a plea bargain. When, as here, the court does not intend to reject the terms of a plea bargain but, nevertheless, imposes a sentence allegedly inconsistent with the terms of that plea bargain, it appears consistent with the provisions of Fed.R.Crim.P. 11(e)(4), to allow the district court, in the first instance, the opportunity to correct its own error. Thus, the district court, upon appropriate motion, may choose the conform the sentence to the terms of the plea bargain or allow withdrawal of the plea.[4] In this case the district court chose the former course and we find no error.

It is true that American Bag was put to the time and expense engendered in its first appeal. Although American Bag was not precluded from immediately appealing to this court, we perceive no prejudice to it in the exercise of that right. The need for such an appeal might have been eliminated had American Bag first made a timely motion to the district court. In fact, the district previously observed that had such a motion been made, the matter might well have been rectified at that time.[5] Moreover, during the course of its appeals American Bag has had the use of the money payable under the first installment of the

---

est provision, counsel for American Bag promptly reminded the trial judge that the agreement American Bag reached with the Government "excluded interest. [The fine] was to be interest free." The district court immediately replied: "Well, I understand that, but I have imposed the sentence as I have outlined. I understand that was the recommendation. It was the recommendation to the Court but the Court's sentence as outlined will stand." Nevertheless, the panel in the prior appeal concluded that it could not "determine whether the court viewed its action as a rejection of the plea bargaining agreement." Accordingly, inasmuch as the determination by the prior panel stands as the law of this case, *see, e.g., Antonioli v. Lehigh Coal and Navigation Co.*, 451 F.2d 1171, 1178 (3d Cir. 1971); *A. S. Kreider Co. v. United States*, 117 F.2d 133, 135 (3d Cir. 1941), Judge Adams recognizes that the present panel is bound by it.

4. As in our consideration of the prior appeal in this case,

[W]e need not decide whether a court's failure to adhere to the letter of the government's Rule 11(e)(1)(B) sentence recommendation constitutes a "rejection" so as to activate Rule 11(e)(4). *Compare United States v. White*, 583 F.2d 819 (6th Cir. 1978) (failure to follow sentencing recommendation constitutes a rejection) *with United States v. Henderson*, 565 F.2d 1119 (9th Cir. 1977), *cert. denied*, 435 U.S. 955 [,98 S.Ct. 1586, 55 L.Ed.2d 806] (1978) (failure to follow recommendation not a rejection) *and United States v. Savage*, 561 F.2d 554 (4th Cir. 1977) (same).

*United States v. American Bag and Paper Corp.*, No. 78–2329 (3d Cir. March 29, 1979) at 4 n.1.

5. *See* note 2 *supra.*

fine.[6] Thus, after the district court's action on remand, American Bag's position was substantially the same as originally contemplated under the terms of the plea bargain.

The judgment of the district court will be affirmed.

---

6. Sentence was originally imposed on September 20, 1978. The first installment was due within 60 days thereafter.