

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-1997

# USA v. Gilchrist

Precedential or Non-Precedential:

Docket
97-7224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation
"USA v. Gilchrist" (1997). *1997 Decisions.* Paper 270.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 2, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-7224

UNITED STATES OF AMERICA

v.

WILLIAM GILCHRIST,
Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 96-CR-0094)

Argued: July 25, 1997

Before: BECKER, MANSMANN, Circuit Judges, and

HOEVELER, Senior District Judge.*

(Filed December 2, 1997)

        MOREY M. MYERS, ESQUIRE
        DANIEL T. BRIER, ESQUIRE
         (ARGUED)
        Myers, Brief & Kelly, L.L.P.
        108 N. Washington Avenue
        Scranton, PA 18503

        THOMAS J. HANLON, ESQUIRE
        416 Jefferson Avenue
        Scranton, PA 18510

        Attorneys for Appellant
_____

*Honorable William M. Hoeveler, Senior United States District Judge for
the Southern District of Florida, sitting by designation.

        DAVID M. MARASCH, ESQUIRE
        United States Attorney
        LORNA N. GRAHAM, ESQUIRE
         (ARGUED)
        Assistant United States Attorney
        309 Federal Building
        Scranton, PA 18501

        Attorneys for Appellee

OPINION OF THE COURT

HOEVELER, Senior District Judge,

William Gilchrist appeals from a final judgment of conviction and sentence requesting that we vacate his sentence and permit him to withdraw the guilty plea he entered pursuant to a Rule 11(e)(1)(C) binding plea agreement. We find that the imposition of the additional condition of supervised release breached the plea agreement, but we will remand for the district court to determine whether to impose the sentence of the plea agreement or to permit Gilchrist to withdraw his plea.

I.

Appellant was charged with engaging in commercial bribery in violation of the Travel Act and conspiring to violate the Travel Act. Gilchrist, who operated a trucking company, was charged with paying kickbacks to Donald Finke, the transportation manager of Welch Foods, in order to continue doing business with Welch.

Following discussions with the government, Gilchrist agreed to plead guilty to a lesser charge, misprision of a felony, 18 U.S.C. S 4. He negotiated and executed a binding plea agreement with the Government pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure. According to this agreement Mr. Gilchrist was to be sentenced to a nine month term of incarceration and a one month period of home confinement. The plea agreement also called for the imposition of a $10,000 fine and a $50

assessment. The nine month prison term was greater than that provided for in the Guidelines for a violation of 18 U.S.C. S 4 (the applicable range for this offense is 0-6 months). Appellant agreed to this upward departure from the Guidelines in exchange for the government's dismissal of its two count indictment against him. Under the indictment the Appellant faced a possible penalty of 10 years incarceration and $500,000 in fines, as well as a term of supervised release and assessments, if he were convicted of both offenses. Appellant's Appendix at 17a. The parties further agreed that, if the district court rejected the stipulated sentence or imposed a more severe penalty, Mr. Gilchrist would be entitled to withdraw from the Plea Agreement and plead anew.

The district court accepted Mr. Gilchrist's guilty plea on December 11, 1996. Sentencing was scheduled for April pending completion of his pre-sentence investigation report. At the April 22, 1997 sentencing, the district court imposed a sentence of 9 months incarceration, a $10,000fine, a $50 assessment and a one year period of supervised release, including one month home confinement. Mr. Gilchrist did not object to the court's sentencing at the hearing.

On April 30, 1997 Mr. Gilchrist filed a motion in the district court to correct sentence pursuant to Fed.R.Crim.P. 35(c). Supplemental Appendix, at 10-26. In its response the Government agreed that the court's sentence was not in line with the plea agreement and suggested that the period of supervised release be limited to one month. Appellant's Appendix at 39a. However, the district court did not rule on the motion within the seven day period following the imposition of Gilchrist's sentence, and thus no longer had authority to correct an excessive sentence pursuant to Fed.R.Crim.P. 35(c). On May 1, 1997, Gilchrist filed a Notice of Appeal. He moved for expedited disposition on his appeal on May 14, 1997. This motion was granted and his sentence imposed by the district court was stayed.

In his appeal Gilchrist argues that the sentence imposed by the district court is more severe than that stipulated to by the parties in the plea agreement. He further asserts that the district court's imposition of such a sentence resulted in the breach of the plea agreement. Therefore,

3

Gilchrist contends that the case should be remanded to the district court to afford him the opportunity to withdraw his guilty plea and plead anew pursuant to the remedial provision in the plea agreement.

In response the government argues that because home detention may only be imposed as a special condition of supervised release, both parties reasonably expected the district court to impose a period of supervised release pursuant to the plea agreement which provided for one month home detention. Moreover, the government asserts that, assuming the court's imposition of supervised release resulted in a breach of the plea agreement, the case should be remanded to the district court in order to afford it the opportunity to correct any error and fashion an appropriate remedy.

II.

The plea agreement at issue was executed pursuant to Fed.R.Crim.P. 11(e)(1)(C) which authorizes the government and the defendant to "agree that a specific sentence is the appropriate disposition of the case." Such a plea agreement may be distinguished from one executed pursuant to Fed.R.Crim.P. 11(e)(1)(B) where the government makes a recommendation, or agrees not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court. At the time the plea is offered the court may accept or reject an 11(e)(1)(C) plea agreement, or may defer its decision until there has been an opportunity to consider the presentence investigation report. Fed.R.Crim.P. 11(e)(2). If the plea agreement is rejected, the court must afford the defendant an opportunity to withdraw his guilty plea. Fed.R.Crim.P. 11(e)(4); U.S.S.G. S 6B1.3. If the plea agreement is executed pursuant to Fed.R.Crim.P. 11(e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation the defendant nevertheless has no right to withdraw his plea. Fed.R.Crim.P. 11(e)(2). Under the specific provisions of the plea agreement in the instant case, both parties were afforded an opportunity to withdraw from the agreement. The agreement states:

4

> If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties then the parties have the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

Plea Agreement, P 5 (emphasis added).

III.

The first question with which this Court is faced is whether or not the sentence imposed by the district court is "greater than that agreed to by the parties." There can be little argument as to this point. The plea agreement clearly stated that the parties agreed that the appellant would be sentenced to a term of nine (9) months incarceration, 1 month home detention, and a $10,000 fine. Plea agreement P 5. At sentencing the district court imposed a sentence of nine months incarceration, twelve months of supervised release, one month of home detention and a $10,000 fine.1 Regardless of the intentions of the district court, the sentence imposed was clearly greater than that set out in the plea agreement. It is well settled that supervised release constitutes punishment. United States v. Dozier, 1997 WL

401318 (3d Cir. (N.J.)) 8. In Dozier this Court explained:

> Supervised release is punishment; it is a deprivation of
> some portion of one's liberty imposed as a punitive
> measure for a bad act. A defendant on supervised
> release is subject to various terms and conditions
> which restrict his freedom and make him vulnerable to

_____

1. Presumably, the district court believed that it was carrying out the terms of the plea agreement when it imposed its sentence. During the sentencing hearing the court initially recited the sentence as it appeared in the plea agreement. However, at the time the sentence was imposed the court included the twelve month period of supervised release. That the court believed it was following the plea agreement is further evidenced by Appellant's Judgment and Commitment. While the court included the necessary information to ensure the imposition of one year of supervised release in the "supervised release" section of the document, under "Additional Reasons for Departure from the Guideline Range" it listed the sentence exactly as it appeared in the plea agreement.

5

> further punishment should he violate them. Such
> subsequent punishment may again include more
> imprisonment and more supervised release.

Id. Thus, on its face, a sentence including a twelve month period of supervised release is greater than that agreed to by the parties.

We next must determine whether or not the imposition of a sentence including a twelve month period of supervised release resulted in a breach of the plea agreement. Plea agreements are contractual and therefore are to be analyzed under contract law standards. United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989). "In determining whether a plea agreement has been broken, courts look to `what was reasonably understood by[the defendant] when he entered his plea of guilty.' " United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979) (quoting United States v. Crusco, 536 F.2d 21, 27 (3d Cir. 1976). The government asserts that a period of home detention may only be imposed as a special condition of either supervised release or probation. See U.S.S.G. S 5F1.2. Therefore, the government maintains that when Appellant entered into a plea agreement providing for one month home detention, the imposition of a period of supervised release was, or should have been, within his reasonable expectations.

Assuming, without deciding, that the government's

contention that home detention may not be imposed without a corresponding period of supervised release or probation is correct, we still find that the twelve month period of supervised release imposed by the district court was not within the reasonable expectations of the appellant. The government asserts that U.S.S.G. S 5D1.2 (a)(3) mandates the imposition of a one-year period of supervised release for a Class E felony such as misprision.[2] However, for a term of incarceration lasting less than one year, such as that in the instant case, the imposition of a term of supervised release is discretionary. U.S.S.G.

_____

2. Under U.S.S.G. S 5D1.2(a)(3) if a period of supervised release is ordered, the length of such term is one year for a defendant convicted of a Class E felony, such as misprision. (emphasis added).

6

S 5D1.1(b). Moreover, Rule 11 limits the discretion afforded the district court under the Sentencing Guidelines. An 11(e)(1)(C) plea agreement, once accepted, binds the district court notwithstanding departures from the applicable guidelines. U.S.S.G. S 6B1.2(c) (authorizing sentencing court to accept Rule 11(e)(1)(C) plea agreement if agreed sentence is within applicable guideline range or departs from applicable guideline range for justifiable reasons).

Furthermore, the record in this case demonstrates that the imposition of a twelve month period of supervised release was neither express nor implied. The plea agreement itself makes no mention of supervised release. Similarly, the stipulated sentence presented to the district court at the change of plea hearing was silent as to supervised release. Finally, the government did not refer to any period of supervised release in its presentation of the plea agreement to the court at sentencing. Based on the record before this court we find that the imposition of a twelve month period of supervised release was beyond the reasonable expectations of appellant. Therefore, by imposing a sentence greater than that to which the parties agreed, the district court, although perhaps inadvertently, caused the plea agreement to be breached.

IV.

The second question we must address is whether to afford appellant the opportunity to withdraw his guilty plea and replead, or to remand the case to the district court to allow it the opportunity to fashion an appropriate remedy. The government is correct in noting that the well-settled rule in this Circuit is that where a plea agreement has been

breached, the district court, not the defendant, is to decide in the first instance whether to grant specific performance of the plea agreement or withdrawal of the guilty plea. See e.g., United States v. Torres, 926 F.2d 321, 327 (3d Cir. 1991); United States v. Moscahlaidis, 868 F.2d 1357, 1363 (3d Cir. 1989); United States v. Martin, 788 F.2d 184, 188 (3d Cir. 1986); United States v. American Bag & Paper Corp., 609 F.2d 1066, 1068 (3d Cir. 1979).

In its brief the government places particular emphasis on

7

our opinion in American Bag. In that case the defendant corporation pleaded nolo contendere to a single-count indictment charging a violation of the Sherman Act, 15 U.S.C. S 1 (1976), pursuant to an 11(e)(1)(B) plea agreement. The agreement called for the government to recommend a fine of $500,000 to be paid in annual installments of $50,000. Id. at 1067. The contract further provided that "if [the court] should for any reason determine not to follow the government's recommendation, the corporation would be afforded the opportunity to withdraw the plea of nolo contendere." Id. at 1067. While both parties satisfied their obligations under the agreement, the district court in addition to imposing the recommended fine also imposed interest on the unpaid balance at 6% per annum. Because the plea agreement was silent on the matter of interest, the defendant appealed the sentence arguing that the imposition of interest constituted a breach of the plea agreement, and therefore the corporation was entitled to withdraw its plea. This Court remanded the matter to the district court for clarification regarding whether it had intended to reject the plea agreement or not.3 On remand the district court refused to vacate the sentence and allow defendant to withdraw its guilty plea, and instead, vacated the interest portion of the judgment. The defendant's subsequent appeal to this Court claiming it was entitled to a withdrawal of the guilty plea despite the fact that the district court had vacated the interest portion of the sentence was denied. This Court affirmed the district court's election to delete the offending portion of its sentence and rejected defendant's claim of entitlement to withdrawal of the plea.

Appellant correctly points out that the plea agreement in American Bag was executed pursuant to 11(e)(1)(B), while the agreement in the instant case was executed pursuant to 11(e)(1)(C). However, upon closer examination the two

_____

3. The initial panel in American Bag remanded the case to the district

court to consider Defendant's Motion to Correct which had been filed after the filing of the notice of appeal, but before the appeal had been heard. In its original motion, Defendant asked the court to vacate the interest portion of its judgment, but did not move for withdrawal of its plea. Upon remand American Bag argued for withdrawal of its plea.

8

agreements are very similar, and therefore the American Bag decision is indeed instructive. While nominally the plea agreement in American Bag was an 11(e)(1)(B) agreement, the inclusion of a provision allowing the defendant corporation the opportunity to withdraw its plea if the court did not follow the government's recommendation, in effect, converted the plea contract into an 11(e)(1)(C) agreement.

In essence, the parties in American Bag, as they would pursuant to an 11(e)(1)(C) plea agreement, presented a stipulated sentence to the district court: American Bag would enter a plea of nolo contendere, cooperate fully with the government, and pay a fine of $500,000 in $50,000 annual installments. The parties further agreed that if the court did not accept this "stipulated" sentence, American Bag would be free to withdraw its plea. Thus, the parties granted to defendant the same ability to withdraw a plea provided in Rule 11(e)(1)(C) by including a withdrawal provision in their plea agreement. Moreover, both the district court and this Court appear to have treated the plea agreement as if it had been executed pursuant to 11(e)(1)(C). The district court acknowledged the withdrawal provision contained in the agreement when it stated: " `(If) the court believes that the recommended sentence is inadequate, the court will allow the entry of a plea of nolo contendere to be withdrawn on behalf of American Bag & Paper Corporation.' " Id. at 1067 (quoting the district court). Similarly, this Court observing that the record was unclear as to whether the district court was affirmatively rejecting the plea agreement, remanded the case for clarification.4 Id. at 1068. Had this Court ignored the plea withdrawal

_____

4. It is interesting to note that in the instant case Gilchrist also filed a Rule 35(c) motion seeking to correct the sentence imposed by the district court. Like the defendant in American Bag, Gilchrist did not move to withdraw his plea in his Rule 35(c) motion, but rather sought an order conforming his sentence to the provisions of the plea bargain. It is particularly worth noting that in support of his motion to correct Gilchrist relies on this Court's opinion in American Bag. See Defendant's Memorandum of Law in Support of Motion to Correct Sentence Pursuant to Fed.R.Crim.P. 35(c), Supplemental Appendix, at 24. However, following the filing of his notice of appeal, Gilchrist moved to withdraw his Rule 35

motion.

provision and read the agreement in American Bag as a traditional 11(e)(1)(B) plea agreement, it would have been under no obligation to remand the case to the district court. It could have instead interpreted the district court's imposition of interest as an authorized modification of the sentence recommended by the government in the plea agreement.

As noted above the record in the instant case suggests that it is unclear whether the district court intended to reject the terms of the plea agreement as proposed by the parties. In American Bag we concluded that:

> [w]hen, as here, the court does not intend to reject the terms of a plea bargain but, nevertheless, imposes a sentence allegedly inconsistent with the terms of that plea bargain, it appears consistent with the provisions of Fed.R.Crim.P. 11(e)(4), to allow the district court, in the first instance, the opportunity to correct its own error. Thus the district court, upon appropriate motion, may choose to conform the sentence to the terms of the plea bargain or allow withdrawal of the plea.

In spite of the fact that the plea agreement in the instant case was executed pursuant to 11(e)(1)(C) as opposed to 11(e)(1)(B), for the reasons stated above, we still find the reasoning in American Bag applicable.[5]

_____

5. Appellant relies on the Sixth Circuit's opinion in United States v. Mandell, 905 F.2d 970 (6th Cir. 1990). In that case the defendant entered a plea of guilty pursuant to a plea agreement specifying a precise range and a stipulation including an agreed upon offense level. Mandell's plea agreement, like that in the instant case, included a provision authorizing the defendant to withdraw his plea if the sentencing court departed from the stipulations of the parties. Mandell, 905 F.2d at 971. The sentencing court accepted the plea, but upon review of the presentence report, increased the offense level. The Sixth Circuit held that the plea agreement had been breached. The court noted that generally a breached plea agreement was remedied by either specific performance or by allowing the defendant to withdraw the plea. The Mandell court concluded that the agreement itself provided for the remedy of withdrawal of the plea, and therefore under the circumstances the option of specific performance entitled the defendant to the same remedy as withdrawal. Id. The court further determined that the

V.

Upon consideration of the record, we will vacate the judgment and sentence of the district court. The matter shall be remanded to the district court to determine whether the appropriate remedy is to require specific performance of the agreement or permit the appellant to withdraw his plea. Unless the court can, and is disposed to, impose the sentence agreed to by the parties in accordance with applicable statutes and guidelines, appellant should be afforded the opportunity to withdraw his plea and plead anew.

_____

agreement did not provide Mandell with the right to have his sentence determined at the stipulated offense level under a theory of specific performance. Consistent with our opinion in American Bag, we leave the initial determination of whether Gilchrist is entitled to specific performance of his plea agreement, and thus the sentence to which he stipulated, to the district court.

11

BECKER, Circuit Judge, concurring dubitante.

I join in the majority opinion insofar as it vacates the judgment of the district court, but I have problems with its instructions on remand. The majority orders that the matter

> be remanded to the district court to determine whether the appropriate remedy is to require specific performance of the agreement or permit the appellant to withdraw his plea. Unless the court can, and is disposed to, impose the sentence agreed to by the parties in accordance with applicable statutes and guidelines, appellant should be afforded the opportunity to withdraw his plea and plead anew.

In my view, this discussion does not give the district court adequate guidance as to what might constitute a proper sentence within the framework of the plea bargain.

The majority has properly concluded that the sentence of twelve months supervised release violated the plea agreement.1 Perhaps the majority has in mind that the district court on remand might reduce the term of supervised release to one month conditional on one month home confinement. While that would be a legal sentence, I think that it would breach the plea bargain.

The majority's analysis, however, suggests that such a sentence could be imposed on remand. It reasons that

_____

1. The district court's decision to include a twelve month term of supervised release in Gilchrist's sentence is not the non-sequitur that it appears to be at first glance. Although under U.S.S.G. S 5D1.1(b) the imposition of a term of supervised release is discretionary where the term of incarceration is less than one year, under U.S.S.G. S 5D1.2(a)(3) if a period of supervised release is ordered, the length of such term is one year for a defendant convicted of a Class E felony. When this is coupled with the fact that home detention may only be imposed as a condition of probation or supervised release, see U.S.S.G. S 5F1.2, it appears entirely possible that the District Court felt that it was required
to impose a one year term of supervised release in order to effectuate the plea agreement. In fact, it was not so required since under U.S.S.G. S 6B1.2, the court may accept an 11(e)(1)(C) plea agreement if it departs from the guideline range "for justifiable reasons."

> Plea agreements are contractual and therefore are to be analyzed under contract law standards. United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989). "In determining whether a plea agreement has been broken, courts look to `what was reasonably understood by [the defendant] when he entered his plea of guilty.' " United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979) (quoting United States v. Crusco, 536 F.2d 21, 27 (3d Cir. 1976)). The government asserts that a period of home detention may only be imposed as a special condition of either supervised release or probation. See U.S.S.G. S 5F1.2. Therefore, the government maintains that when Appellant entered into a plea agreement providing for one month home detention, the imposition of a period of supervised release was, or should have been, within his reasonable expectations.

I am unsure that the underlined statement is correct. I have substantial reservations about importing into a plea bargain a kind of punishment that the parties did not appear to contemplate.2 Here neither the government nor the defense apparently considered the possibility of supervised release. Perhaps they thought that home detention could be free-standing. At all events, they did not mention supervised release in the plea agreement.

Perhaps the parties reasonably should have expected that home confinement carried with it supervised release. While

contract standards may generally apply, I believe that courts must be more circumspect in divining the reasonable expectations of a defendant who enters into a plea agreement than we might be in the case of a contract that does not implicate an individual's liberty interest. Indeed, if courts construed plea agreements narrowly, as I think they should, the message would be clear that

_____

2. As the majority correctly points out, it is well settled that supervised
release constitutes punishment. See Maj op. at 5. For a list of the recommended conditions of supervised release, which can convert otherwise legal activities like wandering into an unsavory bar, talking with felons or other disreputable characters, or drinking too much into grounds for re-incarceration, see U.S.S.G. S 5B1.4.

13

"expectations" such as the one at issue in this case must appear in the text of the agreement.

I would also be troubled if the majority has in mind that the district court might sentence Gilchrist to one month home confinement without supervised release. While the majority declines to reach this question, I believe that such a sentence would be illegal. Under U.S.S.G. S 5F1.2 home detention "may be imposed as a condition of probation or supervised release". I read this as clearly indicating that home detention is not a free-standing sentence and thus that the District Court is without authority to impose it on Gilchrist as such.3

Notwithstanding these comments, I am not sufficiently sure that the majority is wrong that I style this opinion a dissent, which would require me to vote to remand with directions to vacate the plea of guilty and permit the defendant to go to trial.4 I therefore concur dubitante.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

3. If, of course, the district court were simply to impose the nine month prison term and the fine and assessment but with no supervised release and no home confinement, there would be no problem. And, obviously, there would be no problem if the court permits Gilchrist to withdraw his plea.

4. It seems clear that Gilchrist believes that the government no longer can prove a case against him at trial. I presume that a key witness has "gone south" on the government.

14