**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20921**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellant,**

**v.**

**GEORGE C. MORGAN,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the  Southern District of Texas**
**(H-95-CR-303)**
_____

October 6, 1999

Before JONES, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

The government appeals the district court's imposition of a 52-month sentence on George Morgan, arguing that the district court was obliged to enter a 60-month sentence as agreed to in his Fed.R.Crim.P. 11(e)(1)(C) plea agreement. Because the district court  erred in its interpretation of Rule 11(e)(1)(C) and U.S.S.G. §5G1.3, this Court reverses and remands for resentencing.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's use of U.S.S.G. §5G1.3 to credit time served on a prior sentence was improper because Fed.R.Crim.P. 11(e)(1)(C) does not allow a district court to modify a plea agreement once it has accepted it. See United States v. Gilchrist, 130 F.3d 1131, 1133 (3d Cir. 1997); United States v. Veri, 108 F.3d 1311, 1315 (10th Cir. 1997); United States v. Mukai, 26 F.3d 953, 955-56 (9th Cir. 1994). In this case, the plea agreement clearly contemplates a term-specific sentence of 60 months incarceration. Therefore, the district court was obliged to enter that sentence. Even if the plea agreement could be construed as not precluding the imposition of a concurrent sentence, U.S.S.G. §5G1.3 is not applicable in this case because the prior sentence was fully discharged at the time of sentencing. See United States v. Labeille Soto, 163 F.3d 93, 99 (2d Cir. 1998); United States v. Rizzo, 121 F.3d 794, 800 (1st Cir. 1997); United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996). For these reasons, the court below erred in imposing a 52-month sentence rather than a 60-month one.

**REVERSED AND REMANDED.**