

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2008

# USA v. Hicks

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hicks" (2008). *2008 Decisions.* Paper 831.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/831

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2245
_____

UNITED STATES OF AMERICA

v.

RICHARD ALLEN HICKS,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00055)
District Judge: Honorable Malcolm Muir
_____

Submitted under Third Circuit LAR 34.1(a)
on March 27, 2008

Before:  McKEE, RENDELL and TASHIMA,* Circuit Judges

Filed: July 17, 2008
_____

OPINION OF THE COURT
_____

TASHIMA, Circuit Judge.

_____

*Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Defendant-Appellant Richard Allen Hicks pleaded guilty to distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). In a plea agreement, the government and Hicks stipulated to a fifteen-year sentence. The District Court, however, imposed a seventeen-year and six-month term of imprisonment. At issue on appeal is whether the District Court violated Federal Rule of Criminal Procedure 11(c)(1)(C) by imposing a sentence more severe than the fifteen-year term stipulated to in the plea agreement. Because, even if we assume that the District Court erred, Hicks is not entitled to any remedy beyond that which he already has been afforded – namely, the opportunity to withdraw his guilty plea – we will affirm.[1]

## I.

Because we write primarily for the benefit of the parties, we discuss the facts only as necessary to inform our discussion. On February 13, 2006, Hicks was arrested for illegally distributing child pornography to an undercover agent posing as a fourteen-year-old girl. Hicks negotiated a binding plea agreement with the government pursuant to Rule 11(c)(1)(C). Paragraph 13 of the agreement contained a stipulation that, given Hicks' prior qualifying conviction under 18 U.S.C. § 2252A(b)(1) for sexual assault on a child, Hicks would " . . . be sentenced to the mandatory minimum of 15 years' imprisonment, [and] be subject to a lifetime on supervised release . . . ." The plea agreement also provided a remedy if the District Court failed to impose the stipulated

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

sentence. "If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement."

At the change of plea hearing on July 31, 2006, the probation officer estimated that the Guideline range would ordinarily be 121 to 151 months, but because of the 180-month mandatory-minimum sentence, the Guideline term would be 180 months, or fifteen years. In the plea colloquy, the parties and the court discussed paragraph 13 of the plea agreement at length. The court altered the language in the plea agreement slightly to provide that Hicks' right to withdraw would only be activated "if at sentencing the Court . . . imposes a sentence greater than that agreed to as set forth . . . by the parties." Hicks' counsel stated, "I believe your language is what the parties intended," and Hicks' counsel later reiterated, "with respect to the number of years, the defendant reserves the right to withdraw his guilty plea if the Court does not accept the stipulation that he be sentenced to serve 15 years."

The District Court later asked Hicks, "[d]o you understand that you might on the basis of your guilty plea receive a more severe sentence than that which is requested or recommended by your attorney, the government attorney, the probation officer or all of the above?" Hicks answered, "Yes sir, I'm aware of that."

An October 25, 2006, presentence report contained a different Guideline range

3

than the estimate given at the July hearing. Instead of 180 months, the recalculated Guideline range was 210 to 262 months. In an order dated October 31, 2006, the District Court directed the parties to file a joint brief explaining why "justifiable reasons" existed to impose a sentence two years and six months below the advisory Guideline range, citing U.S.S.G. § 6B1.2(c)(2). On December 8, 2006, the District Court issued an order in which it "reject[ed] [] the parties' joint sentence recommendation," finding no "justifiable reasons" to accept a below-Guidelines sentence. The District Court then provided Hicks an opportunity to withdraw his plea. The court further advised the parties that, in the event that Hicks did not withdraw his plea, "their sentencing recommendation [would] in all probability not be accepted" at sentencing.

Hicks did not withdraw his plea and instead filed a motion to reconsider. In an order dated January 5, 2007, the District Court denied the motion. The District Court emphasized "Hicks'[] awareness and contemplation of the possibility that [the court] could impose a sentence of incarceration greater than 15 years," and concluded that it "retained the ability to impose any lawful sentence[,] including a sentence greater than that to which the parties stipulated." The District Court then gave Hicks another opportunity to withdraw his plea.

At the April 18, 2007 sentencing hearing, Hicks continued to argue that the District Court was bound by the fifteen-year stipulated sentence in the plea agreement but also argued that such a sentence would be an appropriate application of the 18 U.S.C. §

4

3553(a) factors. The District Court disagreed on both counts. After explaining the reasons for the sentence and its consideration of the 18 U.S.C. § 3553(a) factors, the District Court imposed a seventeen-year and six-month term of imprisonment, the low end of the Guideline range.

## II.

Hicks argues that the District Court accepted the Rule 11(c)(1)(C) plea agreement and that such acceptance bound the court to the fifteen-year term, making his seventeen-year and six-month sentence unlawful. Hicks asks this court to vacate his sentence and direct the District Court to impose the stipulated fifteen-year term as remedy for the breach.

"We exercise plenary review over the question of whether the terms of a plea agreement have been violated." United States v. Bernard, 373 F.3d 339, 341 (3d Cir. 2004) (citing United States v. Rivera, 357 F.3d 290, 294 (3d Cir. 2004)). Rule 11(c)(1)(C) provides that parties to a plea agreement may recommend a specific sentence, and that "such a recommendation or request binds the court" once the court accepts the agreement. "It is axiomatic under Rule 11 that once a court accepts such an agreement, it must be enforced at sentencing." Bernard, 373 F.3d at 345. Once a stipulated sentence is accepted, the court is not authorized to replace the sentence term with one that it deems more appropriate, even where, as here, the stipulated sentence falls below the Guideline range. See id. at 343-44 n.6 (reiterating the principle that Rule 11 allows "plea

5

agreements that bargain for departures from the sentencing [G]uidelines") (citing United States v. Gilchrist, 130 F.3d 1131, 1134 (3d Cir. 1997)).

The parties dispute whether the plea agreement was accepted in its entirety or whether the District Court deferred acceptance of the stipulated sentence until sentencing and subsequently rejected it. Ultimately, however, the court's acceptance or non-acceptance of the plea agreement is immaterial. Even if we assume that the District Court violated Rule 11 and thus caused the plea agreement to be breached, Hicks has been afforded the only remedy to which he is entitled pursuant to the terms of the plea agreement: the opportunity to withdraw his plea.

The remedy for breach of a plea agreement is generally either specific performance of the agreement or the opportunity to withdraw the guilty plea. Santobello v. New York, 404 U.S. 257, 263 (1971). We analyze plea agreements using contract law standards. United States v. Williams, 510 F.3d 416, 422 (3d Cir. 2007). In doing so, we "look to what was reasonably understood by [the defendant] when he entered his plea of guilty." Gilchrist, 130 F.3d at 1134 (alteration in original) (internal citation and quotation marks omitted).

Here, the parties agreed that in the event the District Court did not impose the stipulated sentence at sentencing, Hicks retained the right to withdraw his guilty plea. The plea agreement, as revised by the court and approved by the parties at the change of plea hearing, provided that "if at sentencing the court . . . imposes a sentence greater than

6

that agreed to . . . then the defendant has the right to withdraw." Hicks' counsel affirmed that "that is the intent of the parties." Because "the plea agreement itself provides the remedy of withdrawal from the plea[,] . . . the option of specific performance entitles [Hicks] to the same remedy as withdrawal." United States v. Mandell, 905 F.2d 970, 973 (6th Cir. 1990). Thus, even if we assume that the court accepted the plea agreement and subsequently violated Rule 11 by imposing a sentence higher than the sentence it was bound to impose, Hicks is not entitled to any remedy beyond the opportunity to withdraw his guilty plea, which the District Court has granted twice already.[2]

## III.

---

[2] Hicks also argues that the District Court contravened United States v. Booker, 543 U.S. 220 (2005), by rejecting the fifteen-year sentence in the plea agreement because no "justifiable reasons" existed for such a departure. The "justifiable reasons" standard comes from U.S.S.G. § 6B1.2(c)(2), a policy statement providing "standards for acceptance of plea agreements." We have not addressed the effect of Booker and its progeny on this policy statement, and we need not address it here given the posture of Hicks' case. Even if the District Court erred in relying on the policy statement, it did so when rejecting the plea agreement, not when imposing the sentence itself. Pursuant to the terms of the plea agreement, if the district court rejected the stipulated sentence – for whatever reason and even if the decision was in error – Hicks' only remedy was the opportunity to withdraw his plea, a remedy he was afforded twice.

Hicks does not separately attack the reasonableness of his sentence. Even if we were to review the ultimate sentence for reasonableness, United States v. Cooper, 437 F.3d 324, 326 (3d Cir. 2006), we would affirm. We are "satisfied the court exercised its discretion by considering the relevant factors." Id. at 329 (citing United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)). At sentencing, the District Court never mentioned the "justifiable reasons" standard. The District Court repeatedly noted the advisory nature of the Guidelines, and the record shows that it "gave meaningful consideration to the § 3553(a) factors." Id. Discerning no error and hearing no argument from Hicks that the sentence imposed was unreasonable, we would affirm on this basis as well.

7

For the reasons set forth above, we will AFFIRM the judgment and sentence imposed by the District Court.