

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# USA v. Leon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Leon" (2008). *2008 Decisions.* Paper 130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5214
_____

UNITED STATES OF AMERICA

v.

ALBERT LEON,

Appellant

_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 05-CR-485-002)
District Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN Circuit Judges.

(Filed:  December 11, 2008)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Albert Leon filed a *pro se* appeal from his conviction and sentence for distribution of crack cocaine and possession of crack cocaine with intent to distribute. His counsel has moved for permission to withdraw from representation pursuant to Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will deny counsel's Anders motion and order new counsel appointed to file a brief on Leon's behalf.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the essential facts.

On September 11, 2006, Leon pleaded guilty, pursuant to a plea agreement, to one count of distributing crack cocaine and possessing crack cocaine with the intent to distribute it, all in violation of 21 U.S.C. § 841(a)(1). The agreement provided that the Government would recommend the minimum possible period of incarceration within the range given by the U.S. Sentencing Guidelines. The agreement further provided that if the Government failed to make such a recommendation, Leon could withdraw his plea. It did not bind the District Court to accept the Government's recommendation.

At the plea colloquy, the Government represented that it believed the Guidelines range would be 87 to 108 months. The District Judge told Leon that "it's my understanding that if the minimum guideline sentence of 87 months is not what the court deems to be appropriate, then you would be permitted to withdraw your guilty plea." The District Judge also stated: "I indicated that if [87 months] is not the sentence, I would

2

allow you to withdraw your guilty plea and go to trial." Leon pleaded guilty, and the District Court entered the plea.

On December 20, 2006, the District Court held a sentencing hearing. At the hearing, the Government argued that the applicable Guidelines range was not 87 to 108 months but 100 to 125 months. This new calculation was based upon a prior conviction for domestic assault that the U.S. Probation Office discovered after the date of the plea hearing. Leon argued that the newly-discovered conviction was not a "conviction" at all for Guidelines purposes but rather detention pending extradition with regard to another matter. Excluding this conviction from the Guidelines calculation would have brought the advisory range back down to the Government's earlier estimate of 87 to 108 months.

The Government stated that it would not oppose the District Court's sentencing using the 100-to-125-months range, but it suggested allowing Leon to come back at a later date with evidence demonstrating that the domestic-abuse conviction should not be considered and therefore that the 87-to-108-months range was appropriate. The District Court indicated that it agreed to this procedure. The District Court then imposed a sentence including a prison term of 100 months. Leon made no subsequent attempts to demonstrate that the domestic-assault conviction should have been excluded from the Guidelines calculation.

Leon then filed a *pro se* appeal. His counsel has petitioned to withdraw and filed a supporting Anders brief.

3

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Defense counsel has filed an Anders brief asserting that no arguably meritorious legal issues exist and that we should allow her to withdraw from the case. Leon received a copy of the Anders brief and filed a *pro se* brief identifying issues he believes have merit. The Supreme Court instructed in Anders that "if [this Court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." 386 U.S. at 744. Because we find an arguably meritorious legal issue, we will reject counsel's Anders brief, grant her request to withdraw from the case, and order new counsel appointed to file a brief in support of Leon's appeal. United States v. Youla, 241 F.3d 296, 302 (3d Cir. 2001) (describing appropriate procedure when Court finds issue of arguable legal merit).

Leon argues that his conviction and sentence should be vacated because the plea agreement was breached. Without deciding the issue, we hold that it arguably has merit and observe that defense counsel did not address it in her Anders brief.

Analyzing this issue requires, at the threshold, determining exactly what promises the plea agreement contains. The parties executed a written agreement in advance of the plea colloquy. The law is clear, however, that a plea agreement encompasses whatever

4

was "reasonably understood by [the defendant] when he entered his plea of guilty." United States v. Crusco, 536 F.2d 21, 27 (3d Cir. 1976). That is, the agreement may include obligations not enumerated within the four corners of the written document. This is especially true, we have explained, when such obligations stem from a reasonable understanding of comments made by a district judge during a plea colloquy. Id. at 24.

Here, it seems arguable that Leon understood the plea agreement to require the District Court to impose an 87-month prison term notwithstanding the Guidelines. Although the written agreement does recite that it does not bind the District Court, it also provides that it may be modified "on the record in court." App. 40a (Plea Agreement ¶ 24), 50a (Plea Agreement ¶ 38). The District Judge, speaking on the record in court during the plea hearing, stated: "[I]t's my understanding that if the minimum Guideline sentence of 87 months is not what the Court deems to be appropriate, then you would be permitted to withdraw your guilty plea." Supp. App 6. The Government did not object. See generally Gov't's Br. at 19 (noting the Government "acknowledges that at the time of the guilty plea proceeding, the written plea agreement was orally amended. . . ."). Later in the plea hearing, when Leon said he "was told that I was going to get 87 months, no more than 87 months," the District Judge stated: "Well, I said, I indicated that if that is not the sentence, I would allow you to withdraw your guilty plea and go to trial." Supp. App. 9. Again, the Government did not object. Arguably, these statements (combined with the Government's acquiescence) may be reasonably understood to provide that Leon

5

could withdraw his plea if the District Court ultimately imposed a prison term greater than 87 months.

The District Court's imposition of a 100-month prison term, then, would constitute a breach of the agreement. However, it is possible that Leon ratified a modification to the agreement when he agreed to the use of the 100-to-125-months range pending discovery of any documentation tending to demonstrate that the domestic-assault matter did not result in a "conviction" for Guidelines calculation purposes. See, e.g., United States v. Gilchrist, 130 F.3d 1131, 1134 (3d Cir. 1997) (analyzing plea agreement using contract-law principles).

In any event, if we determined that the agreement was breached (and not subsequently ratified), we might vacate the sentence and remand to the District Court either to allow the defendant to withdraw his guilty plea or to impose an 87-month prison term. See id. at 1136 (holding that plea agreement providing for stipulated sentence was breached, vacating conviction and sentence, and remanding to district court to allow withdrawal or to impose stipulated sentence).

It is clear that the four-page "Argument" section of the Anders brief does not even raise (much less discuss and explain the frivolousness of) the issue of whether the plea agreement was modified or breached. Anders Br. at 15-18. Indeed, as the Government points out, defense counsel did not even obtain a transcript of the guilty-plea hearing before filing the Anders brief. Gov't's Br. at 10 n.2, 19 n.3.

6

## III.

Without ruling on the breach issue, we hold that it arguably has merit. Therefore, in accordance with Local Appellate Rule 109.2(a), we will grant current counsel's motion for leave to withdraw, and direct the Clerk to appoint substitute counsel, restore this case to the calendar, and fix a subsequent briefing schedule.