**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ravon A. CARTER, Defendant–**
**Appellant.**

**No. 01–3591.**

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.*

Ravon A. Carter, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 12, 2001, pursuant to a written agreement with a cooperation clause, Carter pleaded guilty to two counts of possession of cocaine base with intent to distribute, in exchange for the dismissal of a forfeiture count. At sentencing, the district court granted the government's motion to reduce Carter's offense level by one for substantial assistance and then sua sponte lowered it by an additional level. The district court also found that Carter's criminal history category was overstated by two points. As adjusted by the district court, Carter's total offense level was 27

and his criminal history category was II, which resulted in a Guidelines range of imprisonment of 78 to 97 months in prison. The district court denied Carter's request for an additional downward departure and sentenced Carter to 78 months in prison.

In his timely appeal, Carter argues that the district court erred by not departing downward to the extent necessary to sentence him as contemplated by the plea agreement.

Once a district court accepts a plea agreement, the court is bound by the bargain. *United States v. Mandell,* 905 F.2d 970, 972 (6th Cir.1990). The bargain is contractual in nature and thus subject to contract-law standards. *Id.* To determine whether a plea agreement has been broken, a court must decide what the defendant reasonably understood the agreement to be when he entered his guilty plea. *Id.*

■ No breach occurred because the parties did not agree on a sentence or Guidelines range in the plea agreement. The agreement provides in part:

12. The government and the defendant estimate, based upon what they presently know and understanding that neither the Probation Department nor the Court are bound by this Plea Agreement, that the defendant should be, after the reduction in paragraph 8, a Level 25, Criminal History Category I, with a guidelines range of 57 to 71 months.

13. The defendant understands that neither the United States Probation Office nor the Court is bound by the stipulations herein and that the Court will, with the aid of the presentence report, determine the facts and calculations relevant to sentencing. . . .

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

(Agreement, p. 5). Furthermore, the district court discussed the penalties provisions of the plea agreement with Carter, explained that there was no agreement as to the sentence, and informed Carter that the offense level and criminal history category still had to be calculated. Review of the transcript of the plea hearing shows that Carter understood. Thus, the plea agreement was not breached.

To the extent that Carter's argument is not based on a breach of the agreement, Carter waived the right to challenge his sentence on appeal. Carter's plea agreement contained an express waiver of his right to appeal his sentence, unless the district court imposed a sentence in excess of the statutory maximum or departed upward from the Guidelines range. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Nothing in the record suggests that Carter's assent to this provision was unknowing or involuntary.

Even if Carter could appeal his sentence, his claim that he should have received a greater downward departure is not reviewable. While a criminal defendant may appeal an upward departure, *Koon v. United States*, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), he may not appeal the extent of a downward one. *United States v. Nesbitt*, 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.