**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick H. MANDELL, Defendant–Appellant.**

**No. 89–3197.**

United States Court of Appeals, Sixth Circuit.

Submitted April 3, 1990.

Decided June 22, 1990.

Kathleen Brinkman, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Frederick H. Mandell, pro se.

Mark B. Weisser, Cincinnati, Ohio, for defendant-appellant.

Before MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.[*]

---

3. This case is not to be confused with *United States v. Woods,* 544 F.2d 242 (6th Cir.1976).

* Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

BOYCE F. MARTIN, Jr., Circuit Judge.

Frederick H. Mandell attacks his sentence under the guidelines following his plea of guilt to an information charging him with the distribution of a substantial amount of marijuana and hashish between April and July 1988.

Between April and July 1988, Reuven Mandell, Frederick H. Mandell, and Joseph J. Mandell participated in what can best be described as a joint venture for distributing marijuana and hashish to a buyer in Cincinnati, Ohio. The buyer, however, turned out to be an undercover special agent of the Federal Drug Enforcement Administration.

Our reading of the appendix reveals that on April 13, 1988, Reuven Mandell and Frederick H. Mandell travelled from New York state to Cincinnati where they delivered 64.3 grams of marijuana to the buyer/special agent. The marijuana was intended to be a sample of the 5,000 pounds of marijuana the Mandell group represented that it could supply.

On June 28, Reuven Mandell, Frederick H. Mandell, and Joseph J. Mandell sent Sara K. Mandell from New York state to Lexington, Kentucky where she met with the buyer/special agent and gave him 480.5 grams of marijuana and 492.9 grams of hashish, or about a pound of each substance, for delivery to Cincinnati. Again, the drugs were intended to be samples of the substances which they could supply. Next, on June 29, Joseph J. Mandell travelled to Cincinnati from Kentucky to meet the buyer/special agent and further discuss the future delivery of up to 2,000 pounds of marijuana from the Mandells.

On July 6, the Mandells sent David Latham from New York to Cincinnati where he delivered approximately 68,009 grams or 149.93 pounds of marijuana to the buyer/special agent. That same day, the Mandells and David Latham were indicted in the Southern District of Ohio for conspiring to distribute a total of 5,000 pounds of marijuana, in violation of 21 U.S.C. § 846. Subsequently, Frederick H. Mandell entered into a plea agreement under which the United States moved to dismiss the indictment and he pled guilty to a superseding information alleging that he, Joseph J. Mandell and Reuven Mandell distributed 68,553.8 grams or 151.14 pounds of marijuana and 492.9 grams or 1.09 pounds of hashish in the Southern District of Ohio.

The plea agreement between the United States and Frederick H. Mandell stated that if the district court refused to accept the agreement or indicated its intention to sentence Frederick H. Mandell outside the calculated 33 to 87 month range, Frederick H. Mandell would be permitted to withdraw his guilty plea. In an attached stipulation to the plea agreement, it was agreed that the base level for Frederick H. Mandell's offense was 22 and that because of his acceptance of responsibility for his actions, his base level would be reduced by two points to level 20. The stipulation also stated that Frederick H. Mandell could withdraw his guilty plea if the Court departed from level 20 or departed from the otherwise applicable criminal history category. Under the sentencing guidelines, for a base offense level of 20, the minimum sentence, for a criminal history category of I, is 33 months, or two years and nine months, and the maximum sentence, for a criminal history category of VI, is 87 months, or 12 years and 3 months.

On September 27, 1988, the district court accepted the agreement and Frederick H. Mandell's guilty plea. On February 20, 1989, Frederick H. Mandell was sentenced to 5 years and 10 months in prison and three to five years of supervised release. Prior to sentencing, an addendum to the presentencing investigation report was submitted to the district court by the probation officer. The addendum indicated that, based on a co-conspirator's statements, Frederick H. Mandell was involved in the distribution of an additional 73 kilograms of marijuana. Adoption of the findings in the presentence report would result in Frederick H. Mandell's sentencing level increasing to a level 26 because of the increased quantity of drugs. See U.S.S.G. § 2D1.1(a)(3) (incorporating § 2D1.1(c)(9)).

Frederick H. Mandell's counsel objected to the use of the allegations in the adden-

dum and reiterated that the plea agreement stated that Frederick H. Mandell's base offense level was to be 20 after the acceptance of responsibility deduction was made. The district court did not state whether the new allegations regarding Frederick H. Mandell's marijuana distribution activities would be taken into account in determining the sentence, but reminded Frederick H. Mandell's counsel that the plea agreement allowed a sentence within the 33–87 month range. The district court then adopted the base offense level of 26 under U.S.S.G. § 2D1.1(a)(3), raised it three levels to level 29 based on a finding that Frederick H. Mandell was an organizer and leader in the criminal activity under U.S.S.G. § 3B1.1(b), and lowered it two levels pursuant to U.S.S.G. § 3E1.1(a) to level 27 because of Frederick H. Mandell's acceptance of responsibility. The district court found the guideline range for imprisonment to be from 70–87 months based on an offense level of 27 and a criminal history category of I. Counsel for the defendant did not raise at this time the plea agreement's provision allowing Frederick H. Mandell to withdraw his plea of guilt if the findings placed him in a criminal offense level above level 20. Frederick H. Mandell now objects to the district court's action. We remand for resentencing for two separate reasons.

The confusion in this case stems from the attempt to coordinate the plea agreement's discussion of Frederick H. Mandell's range of possible incarceration under the sentencing guidelines with the attached stipulation's discussion of Frederick H. Mandell's criminal offense level as defined by the guidelines. It is clear that in this case, the process and criminal offense level set forth in the stipulation produced the sentencing range listed in the plea agreement but not the *offense level* arrived at by the district court in imposing a sentence that happened to fall within the sentencing range agreed to in the plea agreement. ▮ Frederick H. Mandell argues that the district court erred by failing to conform with the terms of the plea agreement. Specifically, Frederick H. Mandell points to the provision in the stipulation attached to

the plea agreement stating that Frederick H. Mandell could withdraw his guilty plea if the court departed from the offense level of 20. Frederick H. Mandell asserts that the district court violated the express terms of the plea agreement and the stipulation by: 1) sentencing him based on an offense history of 27 as opposed to the agreed upon level of 20, and 2) failing to give him the opportunity to withdraw the plea.

In *United States v. Holman,* 728 F.2d 809, 813 (6th Cir.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984), we stated that once the district court accepts the plea agreement, it is bound by the bargain. In *Holman,* the Court stated that the district court's failure to indicate the status of the plea agreement would be construed as an acceptance of the agreement. *Holman,* 728 F.2d at 812. Frederick H. Mandell erroneously asserts that if he was sentenced under level 20, then his sentence would be 33–41 months. Actually, depending upon the applicable criminal history category, at an offense level of 20, he could have a sentence within the range of 33 and 87 months according to both the sentencing guidelines and the plea agreement.

The United States claims that the district court did not err because Frederick H. Mandell was sentenced to a term of incarceration falling within the range provided for in the plea agreement. The government makes the tortured argument that by stating that the offense level should be 20, they really were saying that the sentence could be anywhere from 33 to 87 months. Consequently, because Frederick H. Mandell was sentenced to 5 years and 10 months in prison, there was no breach of the agreement. This argument is just contrary to the signed plea agreement and stipulation.

The stipulation, which was incorporated into the plea agreement and is therefore material in interpreting the plea bargain, clearly states that Frederick H. Mandell's offense level would be no higher than 20. It was not 20. Even though the actual sentence fell within the permissible range stated in the plea agreement, it was not

arrived at by the method agreed upon in the stipulation. "A plea bargain itself is contractual in nature and subject to contract-law standards." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986) (citations and quotations omitted). "In determining whether a plea agreement has been broken, courts look to 'what was reasonably understood by [the defendant] when he entered his plea of guilty.'" *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979) (quoting *United States v. Crusco*, 536 F.2d 21, 27 (3d Cir.1976)). Frederick H. Mandell reasonably understood that he would be sentenced at offense level 20, not at some other level which happened to overlap level 20 in terms of its periods of incarceration. The government does not have the benefit of a fortuity due to an overlap when the terms of the agreement focus on the offense level, not the range. *See United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir.), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986) (government will be held to the literal terms of the plea agreement). While the plea agreement discusses the potential range of Frederick H. Mandell's sentence, the more specific terms of the stipulation attached to the plea agreement govern the method by which a sentence falling within that range was to be determined.

▮ A breached plea agreement may be remedied by either specific performance of the agreement or by allowing the defendant to withdraw the plea. *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). In this case, the agreement itself provides the remedy of withdrawal of the plea. Therefore, the option of specific performance entitles Frederick H. Mandell to the same remedy as withdrawal. It does not provide Frederick H. Mandell with the right to have the sentence determined at level 20 under the specific performance theory. Therefore, under the terms of the plea agreement, the case will be remanded to offer Frederick H. Mandell the opportunity to withdraw the plea.

▮ There is a second, independent reason for our remand for resentencing. Frederick H. Mandell argues that if a defendant alleges inaccuracies in a presentencing report and the court fails either to make findings regarding those allegations in dispute or make a determination that the disputed information will not be used in sentencing, resentencing is required under Fed.R.Crim.P. 32(c)(3)(D).

Rule 32(c)(3)(D) provides:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

Fed.R.Crim.P. 32(c)(3)(D).

A defendant demanding a resentencing due to a violation of Rule 32(c)(3)(D) needs only to show that "(1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing." *United States v. Eschweiler*, 782 F.2d 1385, 1389 (7th Cir.1986). A recent decision in this circuit cited *Eschweiler* as establishing that a defendant alleging a due process violation from the district court's failure to correctly apply Rule 32(c)(3)(D) "'must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence.'" *United States v. Graham*, 856 F.2d 756, 762 (6th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989) (citing *United States v. Fry*, 831 F.2d 664, 667 (6th Cir.1987) (citing

*United States v. Eschweiler,* 782 F.2d 1385, 1387–88 (7th Cir.1986)));.

*Eschweiler* makes it clear that the higher "grave doubt" standard required for showing a due process violation of Rule 32(c)(3)(D) does not apply to situations where the defendant is asserting only that Rule 32 itself was violated. "The showing necessary to demonstrate a constitutional violation should not be confused with that required to make out a Rule 32 violation. Resentencing may be necessary under the Rule even though a defendant's right to due process has not been violated." *Eschweiler,* 782 F.2d at 1388. Consequently, while *Graham* correctly cites the standard for establishing a due process violation, that standard does not govern questions concerning the alleged misapplication of the Rule itself for which the defendant seeks resentencing. *Accord United States v. Stevens,* 851 F.2d 140 (6th Cir.1988) (requiring only allegation of factual inaccuracy; not mentioning "grave doubt" as a threshold requirement). Here, Frederick H. Mandell is not asserting a due process violation; rather, he is seeking resentencing on his assertion that the district court misapplied Rule 32(c)(3)(D). Frederick H. Mandell has shown that allegations of inaccuracy in the presentencing report were before the district court. Thus we have the question of whether the district court made findings regarding those allegations or a determination that those additional allegations of an increased amount of marijuana distribution would not be used in determining Frederick H. Mandell's sentence under the guidelines.

The United States argues in its brief that we should hold that the district court complied with Rule 32(c)(3)(D) "even though it failed to make any express finding or determination of the disputed fact." *Graham,* 856 F.2d at 762. That argument misconstrues the holding in *Graham,* where we held that *"[w]here the record suggests that a trial court did not rely upon disputed information in fashioning a defendant's sentence,* the trial court has substantially complied with the mandates of Rule 32(c)(3)(D) even though it failed to make any express finding or determination

of the disputed fact." *Id.* (emphasis supplied). Here, the district court had to rely on the disputed information in the presentence report in order to arrive at an offense level of 26. Thus, *Graham* does not exempt the district court's failure to make an express finding on the disputed facts. "Where allegations of inaccuracy are before the sentencing court and that court fails to make findings regarding the controverted matters or a determination that the disputed information will not be used in sentencing, resentencing is required." *United States v. Manni,* 810 F.2d 80, 83 (6th Cir.1987) (quotations, brackets, and citations omitted).

The government argues alternatively that the district court made an express finding that it accepted the allegation regarding the additional marijuana evidence by raising the applicable offense level to 26. We reject this reasoning. If silence and imposition of a sentence obviously based on the disputed allegations in the presentence report constituted an express finding, there would be no reason for the requirement of an express finding. Rule 32(c)(3)(D) is intended to ensure that the defendant's concerns over disputed allegations in the presentence report have been considered by the district court whose reasoning is shown on the record for both the benefit of the defendant and for us on review. *Fry,* 831 F.2d at 667.

Likewise, the fact that the district court presumably admitted the co-conspirator's statements under the standard for the admissibility of the collateral drug evidence, "[t]he preponderance of the evidence standard [which] applies to contested facts in sentencing proceedings," *United States v. Silverman,* 889 F.2d 1531, 1535 (6th Cir. 1989), does not in and of itself constitute compliance with Rule 32(c)(3)(D). The standard for the admissibility of evidence addresses a different concern than the requirement for a finding on disputed allegations in a presentence report.

We find Frederick H. Mandell's other contentions to lack merit. The case shall be remanded to allow Frederick H. Mandell the opportunity to withdraw his plea or for

the district court to resentence and make a finding regarding the disputed allegations in the presentence report should he not choose to withdraw his plea of guilt.