925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel A. ABREGO, Defendant-Appellant.
 No. 90-3197.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Miguel Abrego raises one issue before the Court on appeal: did the district court fail to make an express finding required by FED.R.CRIM.P. 32(c)(3)(D)? Abrego disputed information in the presentence investigation report compiled by the probation department; specifically, he disputed the amount of cocaine, the extent of his involvement in the offense, and his failure to accept responsibility for that involvement. The district court directly relied upon the report in measuring the amount of drugs involved and in determining that Abrego failed to accept responsibility. This reliance was essential to the court's calculation of the base offense level 36; however, in making this calculation the lower court did not express findings upon these disputed points. The district court's dismissal of Abrego's objections to the report is in conflict with this Circuit's holding in United States v. Mandel, 905 F.2d 970 (6th Cir.1990). Thus, we remand to the district court.
 
 
 2
 On August 3, 1989, Miguel Abrego and Rafael Herrera were indicted on four counts of possession with intent to distribute large quantities of marijuana, cocaine and heroin. On December 28, 1989, Abrego entered into a plea agreement with the government. Prior to his sentencing, a pre-sentencing report was filed by the probation department; Abrego filed specific objections to this report. First, Abrego objected to paragraph 29 of the pre-sentence report which alleged that Abrego distributed 100 to 400 additional kilograms of cocaine beyond the 5 kilograms of cocaine to which he plead guilty. Second, Abrego objected to paragraph 27 of the pre-sentence report which stated that "[h]is failure to admit [to involvement in a number of deliveries involving large amounts of cocaine] would indicate that he has not accepted responsibility for his behavior." Abrego denies that his involvement was as extensive as that alleged by the government.
 
 
 3
 On February 23, 1990, the district court determined that the base offense level for Abrego should be 36. The court stated that this was "derived from the amount of drugs involved in the offense." The court also did not give any departure for Abrego's acceptance of responsibility. In response to the objections at Abrego's sentencing hearing, the court merely stated, "[w]ell based on the information that this court has heard, I'm satisfied that the objections should be denied."
 
 Fed.R.Crim.P. 32(c)(3)(D) states:
 
 4
 If the comments of the defendant and defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the pre-sentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the pre-sentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 5
 (emphasis Added). This Circuit in United States v. Mandel, 905 F.2d at 973, stated "[a] defendant demanding a resentencing due to a violation of Rule 32(c)(3)(D) needs only to show that '(1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing.' " (citation omitted). The Mandel Court went on to state that "[i]f silence and imposition of a sentence obviously based on the disputed allegations in the pre-sentence report constituted an express finding, there would be no reason for the requirement of an express finding," and "Rule 32(c)(3)(D) is intended to insure that the defendant's concerns over disputed allegations in the pre-sentence report have been considered by the district court whose reasoning is shown on the record for both the benefit of the defendant and for us on review." Id. at 974.
 
 
 6
 Once the defendant has asserted allegations of inaccuracy in the pre-sentence report, the lower court must make findings as to the controverted matters or make the determination that such matters will not be considered in sentencing. Mandel, 905 F.2d at 974. Rule 32(c)(3)(D) states findings shall be made "as to each matter controverted." Abrego objected to both the quantity of drugs set forth in the pre-sentence report and the report's conclusion that he failed to accept responsibility. As in Mandel, the district court had to rely on disputed information in the pre-sentence report in order to arrive at the offense level which it did. The only insight into the court's view of the disputed information is the statement: "[w]ell based on the information that this court has heard, I'm satisfied that the objections should be denied." This fails to satisfy the express language of Rule 32 requiring a finding as to each matter controverted and the level of expression required to be considered a "finding" under Mandel.
 
 
 7
 For the foregoing reasons, we remand this case to the district court.