948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel A. ABREGO, Defendant-Appellant.
 No. 913309.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge, and LIVELY and KRUPANSKY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This case returns to our panel following its remand to the district court for a second sentencing hearing to resolve two disputed matters from the pre-sentence report. At the first sentencing hearing, Miguel Abrego objected to the quantity of drugs set forth in the pre-sentence report and to the report's conclusions that he had failed to accept responsibility for his involvement in drug-related criminal activity. The district court did not expressly address Abrego's objections and so we remanded this case for a second sentencing hearing to study Abrego's objections. After reviewing the transcript from the second sentencing hearing, we believe that no additional oral argument is necessary and that the case may be decided solely upon this transcript.
 
 
 2
 Upon remand, a DEA agent testified about the quality of information provided by an informant which led to the pre-sentence report determination that Abrego should be sentenced on distribution of 100 to 400 kilograms of cocaine, even though he pled guilty to distribution of only five kilograms. The court found the DEA's testimony credible and that, in turn, the information provided by the informant was reliable. The court, rejecting Abrego's first objection to the pre-sentence report, concluded that a preponderance of evidence supported the report's finding that Abrego's sentence should be based on distribution of 100 to 400 kilograms of cocaine. The court, however, upheld Abrego's second objection to the pre-sentencing report that he had accepted responsibility for his crimes. Accordingly, the court found that Abrego was entitled to a two point reduction from his base offense level. Abrego's base offense level, originally 34, was thus reduced upon remand to 32.
 
 
 3
 Despite the two point reduction in Abrego's base offense level, the court nonetheless gave Abrego the same sentence of 151 months incarceration that the court had given him at the first sentencing proceeding. This sentence represents the high end of sentences for a base offense level of 32, although it is at the low end of sentences for a base offense level of 34. The court explained that it was now choosing to sentence Abrego at the high end of the sentencing spectrum because of the DEA agent's testimony at the second sentencing hearing. The court found that the agent's testimony regarding Abrego's "mule" work (transportation of drugs) demonstrated that Abrego had been acting as a career criminal for at least two years.
 
 
 4
 The district court, on remand, addressed affirmatively all the issues we raised earlier. The district court made express findings with regard to Abrego's objections, as required by Fed.R.Crim.P. 32(c)(3)(D) and our holding in United States v. Mandel, 905 F.2d 970, 973 (6th Cir.1990), and the court's reasoning is clear from the record. Mandel, 905 F.2d at 974.
 
 
 5
 Accordingly, we find that the sentence of the district court should be affirmed.