985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David PUNO, Defendant-Appellant.
 No. 92-50459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-92-0029-GLT, Gary L. Taylor, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The provision in the plea agreement that the base offense level for the offense charged was six and should be increased by two levels because Puno's crime involved a scheme to defraud multiple victims was not an agreement that the offense level could not be increased further on other grounds. The language did not purport to limit the total offense level; such a provision would have read quite differently. See United States v. Mandell, 905 F.2d 970, 972 (6th Cir.1990) (government agreed the offense level would be no higher than 20). The agreement contained no promise to recommend or not recommend a particular sentence or guideline range. Compare Santobello v. New York, 404 U.S. 257 (1971) (prosecutor agreed to make no recommendation as to defendant's sentence). Moreover, the provision was contained in the portion of the agreement reciting the stipulated facts rather than in the section of the agreement relating to the promises made by the government to the defendant. By the terms of the agreement, both the defendant and the government were free to supplement the stipulated facts, and the government specifically "reserv[ed] the right to correct any and all factual misstatements relating to the calculation of [Puno's] sentence." (ER 5).
 
 
 3
 The holding in United States v. Anderson, 970 F.2d 602, 606 (9th Cir.1992), that a stipulation in a plea agreement as to the amount of cocaine involved was ambiguous as to whether the United States Attorney was prevented from disclosing to the Parole Commission that a greater amount of cocaine was involved, is not to the contrary. The Anderson agreement provided that " 'all [counts] w[ould] be paroleable,' " 970 F.2d at 606 (quoting the plea agreement), and an increase in the amount of drugs involved would jeopardize the defendant's chances for parole and thus defeat "the central advantage of the plea bargain from defendant's standpoint: the possibility of early parole." Id. In contrast, the provision in this plea agreement as to the applicable base offense level cannot be linked to any promise in the plea agreement to recommend a particular sentence.
 
 
 4
 As the district court said, the most reasonable explanation for the fact that the multiple victim adjustment was mentioned in the plea agreement while the vulnerable victim and abuse of judicial process adjustments were not was not that the parties had agreed that the latter adjustments would not be sought, but rather that it was clear from the recent holding of this court in United States v. Nazifpour, 944 F.2d 472 (9th Cir.1991), that bankruptcy fraud constituted a scheme to defraud multiple victims under the guidelines whereas neither the sentencing guidelines nor caselaw make clear whether the abuse of judicial process and vulnerable victim adjustments would apply.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3