**UNITED STATES of America,**
**Plaintiff–Appellee.**

v.

**Darian Bredell MITCHELL, Keith Eugene Rushing, and Willie Marzell Mitchell, Defendants–Appellants,**

**Nos. 01–1763, 01–1889, 02–1019.**

United States Court of Appeals, Sixth Circuit.

May 15, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

BECKWITH, District Judge.

These appeals arise from the criminal prosecution of the three appellants on drug and weapons charges. The appellants were arrested during an undercover drug buy on June 7, 2000, in a K–Mart parking lot in Flint, Michigan.

After a federal grand jury issued a second superseding indictment, appellant Darian Mitchell entered a guilty plea to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Appellant Willie Mitchell entered a guilty plea to one count of knowingly and intentionally distributing cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Appellant Rushing stood on his not guilty pleas and, at trial, was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1); carrying a firearm during the commission of a drug-related offense, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Appellant Rushing was acquitted of distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The district court sentenced Darian Mitchell to 120 months of imprisonment after finding that Darian Mitchell had possessed a firearm in connection with a drug trafficking offense and that the enhancement of United States Sentencing Guide-

lines ("U.S.S.G.") § 2D1.1(b)(1) applied. Darian Mitchell contends, on appeal, that the United States breached a plea agreement entered pursuant to Rule 11 of the Federal Rules of Criminal Procedure by advocating in favor of the enhancement at the sentencing hearing, that the district court erred by finding that the enhancement could properly be applied to Darian Mitchell, and that the district court erred by *de facto* rejecting the sentence bargain included in the plea agreement without affording Mr. Mitchell the opportunity to withdraw his plea. Finding merit in Darian Mitchell's third contention, we VACATE his sentence.

The district court sentenced appellant Willie Mitchell to 262 months of imprisonment. Mr. Mitchell was not afforded a downward departure on the basis of substantial assistance provided to the United States in the investigation and prosecution of others for criminal offenses. He contends that the United States breached its plea agreement with him by failing to move for such a departure. Finding no support in the record for appellant Willie Mitchell's contention, we AFFIRM his sentence.

Appellant Rushing observes that the same jury that acquitted him of a drug trafficking offense alleged to have occurred on June 7, 2000, convicted him of carrying a firearm during the commission of a drug-related offense on that date. Contending that the two verdicts are inconsistent, he asserts that insufficient evidence supported his conviction for carrying a firearm in connection with the June 7, 2000 drug transaction. The conviction on the firearm offense added 60 months to

---

* Hon. Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

appellant Rushing's sentence. The district court denied his motion for a judgment of acquittal on that count. Finding no inconsistency in the jury's verdicts, we **AFFIRM** his sentence.

I

■ Prior to entering his guilty plea, appellant Darian Mitchell and the United States entered into a plea agreement that included the following language:

> The worksheets attached to this agreement represent the joint position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines promulgated under 28 U.S.C. § 994(a). *In addition, the parties stipulate that the defendant conspired to distribute over 50 grams of cocaine base and that he will be held responsible for between 50 and 150 grams of cocaine base, which results in a base offense level of 32.* The court may accept or reject the position of the parties.
>
> \*  \*  \*  \*  \*  \*
>
> The parties have not reached agreement on the following factors: *NONE.* The parties acknowledge that the court will determine the applicable sentencing factors at sentencing and the court's determination will affect the sentence range under the sentencing guidelines. The parties agree that all sentencing guidelines provisions that would affect defendant's guideline range have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others.
>
> \*  \*  \*  \*  \*  \*
>
> Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed the *midpoint of the sentencing guideline range that the court finds to be applicable.*
>
> \*  \*  \*  \*  \*  \*
>
> If the court rejects this agreement, it shall afford the defendant the opportunity to withdraw the plea of guilty and advise the defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement.

(Emphasis in original).

In the worksheet attached to the plea agreement, the parties set forth their agreement that Mr. Mitchell qualified for the safety valve embodied in U.S.S.G. § 5C1.2(a)(2). They also agreed that his total offense level would be 27 and that the applicable guideline sentence range would be 70 to 87 months.

At the sentencing hearing, the district court indicated that it would adopt the probation department's finding that 31.8 grams of cocaine found in Darian Mitchell's apartment at the time of his arrest on October 12, 2000, some four months after his arrest on the charges underlying this appeal, constituted relevant conduct for sentencing purposes under U.S.S.G. § 1B1.3. The district court also concluded that a .25 caliber semi-automatic handgun found in Darian Mitchell's apartment at the time of that arrest warranted a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon in connection with a drug offense. The gun possession finding rendered Mr. Mitchell ineligible for the U.S.S.G. § 5C1.2(a)(2) safety valve. Finding Mr. Mitchell ineligible for the safety valve, the district court sentenced him to the statutory minimum sentence of 120 months. The district court stated that it accepted the plea agreement and did not afford Darian Mitchell an opportunity to withdraw his guilty plea.

On appeal, Mr. Mitchell first contends that the United States breached its agreement with him by advocating for the two-level enhancement under U.S.S.G. § 2D1.1(b)(1). The transcript of the sentencing hearing simply does not support that contention. The assistant United States Attorney advised the district court that the United States had considered the enhancement, concluded that it was unwarranted, and agreed with Mr. Mitchell that he was eligible for the safety valve and a sentence below the statutory minimum.

■ Mr. Mitchell next argues that the district court erred in applying the two-level enhancement. He contends that the inference that the firearm discovered in his apartment in October 2000 was possessed in connection with the June 2000 offense conduct is unwarranted. He further contends that the October 2000 events were too remote from the offense conduct to constitute relevant conduct for sentencing purposes.

Appellant's contention regarding the lack of a connection between the firearm and the events of June 2000 is based upon a misapprehension of the law. Mr. Mitchell addresses the enhancement for possession of a firearm as requiring that the firearm have been possessed in connection with the commission of an offense of conviction. In Mr. Mitchell's case, the district court found that the presence of a substantial quantity of cocaine, an amount of cash in excess of $5,000, and a firearm in Mr. Mitchell's apartment indicated continuing drug dealing by Mr. Mitchell. Its finding in that regard will not be disturbed unless clearly erroneous. *See United States v. Hill,* 79 F.3d 1477, 1481 (6th Cir.), *cert. denied,* 519 U.S. 858, 117 S.Ct. 158, 136 L.Ed.2d 102 (1996); *United States v. Collins,* 78 F.3d 1021, 1040 (6th Cir.), *cert. denied,* 519 U.S. 872, 117 S.Ct. 189, 136 L.Ed.2d 127 (1996). Indeed, in this case,

Darian Mitchell does not challenge the district court's finding that he continued to engage in drug trafficking after his arrest on June 7, 2000.

In order to conclude that the cocaine possession in October 2000 constituted relevant conduct for purposes of sentencing Darian Mitchell for the June 2000 offenses, the district court necessarily found that the events were part of the same course of conduct. *See* U.S.S.G. § 1B1.3, Application Note 9(B). When the subsequent events are relatively temporally remote from the events giving rise to conviction, as they are in this case, "a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity." *Id.*

This court has not set an outer time limit after which subsequent conduct will not be considered relevant conduct, no matter how similar to the conduct giving rise to conviction. In *Hill, supra,* the court stated that drug transactions separated by a period in excess of one year may not be considered relevant conduct solely because they involved the same type of drug.

Appellant Darian Mitchell's possession, in close proximity to a large quantity of cash and a firearm, of a quantity of cocaine similar to the quantities in which he dealt four months earlier is not so remote as to be outside the scope of relevant conduct the district court could properly consider in sentencing him. The temporal distance is at the outer limit, however, and longer periods will necessitate a showing of similarity greater than simply an identity of the drug involved and similarity of quantities.

■ Having found that Darian Mitchell's possession of cocaine in October 2000 constituted relevant conduct for sentencing purposes, the district court also found that

Mr. Mitchell possessed the .25 caliber semi-automatic firearm in connection with that relevant conduct. On the basis of that finding, the district court imposed the U.S.S.G. § 2D1.1(b)(1) enhancement, which effectively deprived Mr. Mitchell of the safety valve and necessitated that the 120–month statutory minimum sentence be imposed.

Appellant contends that the district court erred in applying the enhancement on the basis of conduct other than the conduct giving rise to his conviction. He contends, in essence, that the firearm possession enhancement may only be applied when the firearm is possessed in connection with an offense of conviction. He argues that enhancement for possession of a firearm in connection with an offense that constitutes relevant conduct is not permitted.

His contention finds no support in the sentencing guidelines. The applicable provision directs the district court to increase the offense level by two "[i]f a dangerous weapon (including a firearm) was possessed." The district court found that a firearm was possessed and increased Darian Mitchell's offense level accordingly.

The case law is equally unhelpful to Mr. Mitchell. This court has stated that the enhancement may appropriately be applied when the district court finds "that the defendant possessed the firearm during the drug-trafficking offense." *United States v. Saikaly*, 207 F.3d 363, 368 (6th Cir.2000). No distinction between charged and uncharged offenses is made. Where the district court finds that an uncharged offense has been committed and constitutes relevant conduct, the possession of a firearm during the commission of that offense warrants application of the § 2D1.1(b)(1) enhancement unless the defendant carries his burden of showing "that it was clearly improbable that the

weapon was connected to the offense." *Id.* Darian Mitchell has not done so in this case.

■ Appellant Darian Mitchell also contends that the district court erred in failing to conduct an evidentiary hearing with respect to the connection between the firearm and the uncharged relevant conduct. He argues that Rule 32(c)(1) of the Federal Rules of Criminal Procedure required the district court to conduct such a hearing before applying the firearm enhancement. He relies upon a decision, however, which states only that the district courts must make factual findings with respect to contested issues and may not simply adopt the factual assertions included in presentence reports without making factual findings of their own. *See United States v. Monus*, 128 F.3d 376, 396 (6th Cir.), *cert. denied*, 525 U.S. 823, 119 S.Ct. 67, 142 L.Ed.2d 53 (1998). Appellant cannot seriously contend that the district court failed to make factual findings of its own with respect to the firearm and its connection to a drug-trafficking offense.

The transcript of the sentencing hearing demonstrates that the district court considered the circumstances of the firearm's discovery and its proximity to a large quantity of cash and a quantity of cocaine powder before determining that the firearm was possessed in connection with a drug-trafficking offense that constituted relevant conduct for sentencing purposes. While those factual matters were included in the presentence report, they were also uncontested. Appellant does not contend on appeal that he requested an evidentiary hearing in order to introduce evidence to demonstrate that the firearm was not found in his apartment or in proximity to cash and drugs. The district court did not simply adopt factual assertions included in the presentence report but accepted facts that were uncontroverted and then drew

what it considered the appropriate conclusions from those facts. Its actions did not run afoul of Rule 32(c)(1).

■ Appellant Darian Mitchell also contends that the district court erred in accepting the plea agreement but deviating from the sentence included in that agreement without affording Mr. Mitchell an opportunity to withdraw his guilty plea. He contends that the district court effectively rejected the plea agreement by deviating from the offense level included in the agreement and that the court failed to afford him the protections prescribed by Rule 11(c)(5) of the Federal Rules of Criminal Procedure upon the rejection of a plea agreement that includes a bargain sentence.

Rule 11(c) provides, in pertinent part, as follows:

**(1) In General.** An attorney for the government and the defendant's attorney ... may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty ..., the plea agreement may specify that an attorney for the government will:

\* \* \* \* \* \*

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

\* \* \* \* \* \*

**(4) Accepting a Plea Agreement.** If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.

**(5) Rejecting the Plea Agreement.** If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):

(A) inform the parties that the court rejects the plea agreement;

(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Plea agreements are contractual in nature and subject to the standards of construction applicable to contracts. *See United States v. Mandell,* 905 F.2d 970, 973 (6th Cir.1990). The language of the agreement between appellant Darian Mitchell and the United States leaves little room for disagreement. The parties incorporated a reference to Rule 11(c)(1)(C), although, due to an unfortunate typographical error, the reference became Rule 11(e)(1)(C), which does not exist. Moreover, they specifically incorporated the protections provided by Rule 11(c)(5), clarifying, to our satisfaction, their intention to enter a plea agreement of the type specified in Rule 11(c)(1)(C).

The parties further agreed that the worksheets attached to the agreement are part of the agreement and that those worksheets represent their joint position regarding the factors to be considered in calculating the appropriate sentencing range under the guidelines. Finally, they agreed that they had resolved all disagree-

ments as to all relevant factors. Those factors included the applicability of the U.S.S.G. § 5C1.2(a)(2) safety valve.

Applying the plain-meaning standard applicable to contracts in general, we conclude that the parties agreed to a specific offense level based upon the applicability of the safety valve. The United States urges us to conclude that everything in the plea agreement, with the exception of the terms included in the paragraph in which reference to Rule 11(c)(1)(C) is made, constitutes a recommendation rather than a binding sentence bargain. In other words, the United States argues that the district court was bound only by the parties' agreement that the sentence ought not exceed the midpoint of the applicable range. As to all other factors, the United States contends that the parties' agreement is merely a recommendation and not binding on the district court under Rule 11(c)(1)(C).

Any surface appeal the government's argument would otherwise have is eliminated by the parties' inclusion in the plea agreement of a paragraph, entitled "Recommendations and Requests," in which appellant Darian Mitchell agreed that the district court would not be bound by certain terms and that he would not be given an opportunity to withdraw his plea in the event that the district court declined certain of his requests. Had the parties desired to make other factors upon which they had agreed non-binding on the district court, they could easily have included those factors in the Recommendations and Requests paragraph of their agreement. They did not, and we construe as non-binding recommendations only those matters that are identified as such by the parties.

Further weakening the United States' position is the inclusion of language in the plea agreement providing that the district court would inform Mr. Mitchell of its intention to sentence him outside the range as to which the parties agreed and permit him to withdraw his plea. The inclusion of that language, which is a reiteration of the protections afforded by Rule 11(c)(5), strongly suggests that the parties intended for the factors included in the worksheet to be binding upon the district court.

Questions regarding the construction of plea agreements are questions of fact. *See United States v. Wells,* 211 F.3d 988, 995 (6th Cir.2000). We review the district court's resolution of such questions for clear error. *See id.*

In this case, we are persuaded that the district court's conclusion that it could accept the plea agreement while disregarding the parties' agreement regarding the offense level, the applicability of the safety valve, and the sentencing range was clearly erroneous. The language of the plea agreement, considered as a whole, leaves room for only one interpretation. Because it chose not to sentence appellant Darian Mitchell in accordance with the parties' agreement, the district court was obliged, under Rule 11(c)(5), to reject the plea agreement and to afford Mr. Mitchell the opportunity to withdraw his guilty plea. We **VACATE** Mr. Mitchell's sentence and **REMAND** for a new sentencing hearing at which the district court may accept the plea agreement and sentence Mr. Mitchell in accordance with the parties' agreement or reject that agreement and afford Mr. Mitchell the protections prescribed by Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

II

■ Appellant Willie Mitchell contends that the United States breached its plea agreement with him by failing to request

that the district court depart downward from the otherwise applicable sentencing range on the basis of substantial assistance in the investigation and prosecution of others. The pertinent plea agreement included the following provision pertaining to assistance by Mr. Mitchell:

> *Substantial Assistance Determination.* Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will request the court to depart downward to as little as fifty percent of the bottom of the otherwise applicable sentencing range depending upon the value of the defendant's assistance. The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.

Willie Mitchell contends that he provided information to the United States and that the government failed to follow up on that information in breach of the plea agreement.

Mr. Mitchell's contention is based upon a misreading of the plea agreement, which did not require the United States to follow up on every bit of information provided by Mr. Mitchell. Rather, the government agreed to request a downward departure if, in its sole discretion, it determined that Willie Mitchell had provided substantial assistance. "[W]hen a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000)(citing *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998)(holding that with respect to plea agreements where the government reserves discretion to file a substantial assis-

tance motion, "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race")). Appellant has not identified an unconstitutional motive underlying the government's refusal to move for a downward departure in his case, and we will not review the government's exercise of discretion in the absence of evidence of such a motive. Accordingly, we **AFFIRM** Willie Mitchell's sentence.

We note that Mr. Mitchell contends that the standard repeated in *Moore, supra,* should not be applied to his case because statements by the assistant United States Attorney at the sentencing hearing demonstrate that the United States had no intention of performing as promised when it entered the plea agreement. He urges the application of contract law standards to determine whether the United States breached the plea agreement.

Appellant observes that the United States promised to consider requesting a downward departure in the event that Mr. Mitchell provided substantial assistance in the investigation or prosecution of others, while at the sentencing hearing the assistant United States Attorney suggested that it would only have made such a request had Mr. Mitchell provided information leading to the prosecution of others. The government is required to fulfill its promises under a plea agreement when the criminal defendant has done all that he promised. *See, e.g., United States v. Robinson,* 924 F.2d 612, 613 (6th Cir.1991). If Willie Mitchell had established at the sentencing hearing that he had provided substantial assistance to the United States in the investigation of others and the United States had, nevertheless, refused to consider making a request for a downward departure, Mr. Mitchell might have suc-

ceeded in demonstrating that the government had breached the plea agreement. At sentencing, however, Mr. Mitchell did not prove that he had provided such assistance or that the government's refusal to request a departure was based solely upon the distinction between investigation and prosecution. Accordingly, on the facts giving rise to this appeal, Mr. Mitchell has not demonstrated that principles of contract law dictate a deviation from the general rule repeated in *Moore, supra.*

## III

■ The jury in appellant Rushing's trial found him guilty of conspiracy to distribute cocaine base from June 5 to June 7, 2000; carrying a firearm during the commission of a drug-related crime; and being a felon in possession of a firearm. The jury found him not guilty of the distribution of cocaine on June 7, 2000. The district court denied a motion, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for a judgment of acquittal on the first of the two firearm counts based upon the alleged insufficiency of the evidence. On appeal, appellant Rushing contends that insufficient evidence supports his conviction on that count, which was Count IV of the second superseding indictment.

The evidence introduced at trial demonstrated that Mr. Rushing possessed a firearm on June 7, 2000 at the time of his arrest. The jury found that Mr. Rushing was a participant in a conspiracy to distribute cocaine on that date but that he did not distribute cocaine on June 7. Mr. Rushing contends that the jury could not properly have found him not guilty of distributing cocaine on June 7 but guilty of carrying a firearm during the commission of a drug-related offense on that same

date. His contention, then, is not that insufficient evidence supported his conviction on Count IV, but that the jury's verdict with respect to that count was inconsistent with its verdict on the distribution count.

An appellate court's review of the sufficiency of evidence underlying a conviction is independent of, and must not be confused with, the consideration of issues raised by verdicts challenged as inconsistent. *See United States v. Powell,* 469 U.S. 57, 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). In this case, appellant Rushing does not seriously contend that insufficient evidence supports his conviction for carrying a firearm. Rather, he contends that he could not have carried the firearm in the commission of a crime that the jury found he did not commit. He ignores the jury's complete verdict.

While it found Mr. Rushing not guilty of distributing cocaine on June 7, 2000, the jury found that he was guilty of conspiring to distribute cocaine from June 5 to June 7, 2000. In other words, the jury found that he continued to conspire to distribute cocaine until the date of his arrest, at which time he possessed a firearm. Affording the jury's verdict the deference it is due,[1] we assume that the jury found that appellant Rushing carried the firearm during the commission of the conspiracy offense on June 7, even though he may not have personally distributed cocaine on that date. The evidence presented at trial lends support to that finding.

At trial, Mr. Rushing's co-conspirator Jethro Tyus testified that Mr. Rushing tried to give him the firearm just before he took the cocaine to the undercover police vehicle. That testimony alone is sufficient evidence that appellant carried the firearm during the commission of the conspiracy to

---

1. *See Powell,* 469 U.S. at 67.

justify his conviction on Count IV of the second superseding indictment. Accordingly, we are not persuaded that the jury's verdict with respect to Count IV is inconsistent with the remainder of its verdicts. We, therefore, **AFFIRM** appellant Rushing's conviction on Count IV.