KETHLEDGE, Circuit Judge,
dissenting.
Criminal Procedure Rule 11(c)(1)(C) states that a sentencing recommendation set forth in a plea agreement “binds the court once the court accepts the plea agreement.” (Emphasis added.) The district court in this ease “accept[ed] the Rule 11(c)(1)(C) agreement entered into by the parties[.]” Statement of Reasons at 5. That agreement stated that “a sentence that includes an 18-month term of imprisonment is the appropriate disposition of this case.” Plea Agreement ¶ 3. A person *526 subject to a “terra of imprisonment” is “committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior[.]” 18 U.S.C. § 3621(a). Thus, per the plea agreement here, Corsmeier should have been committed to the custody of the Bureau of Prisons for 18 months. But the district court’s judgment provides: “The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE (3) MONTHS.” (Emphasis in original.)
The district court does not have discretion to violate Rule 11(c)(1)(C). See, e.g., Freeman v. United States, 564 U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring in the judgment) (the “very purpose of (C) agreements” is to “bind the district court and allow the Government and defendant to determine what sentence he will receive”); United States v. Mandell, 905 F.2d 970, 972 (6th Cir.1990) (“once the district court accepts the plea agreement, it is bound by the bargain”). Here, the district court’s judgment violates Rule 11(c)(1)(C) because it commits Corsmeier to the custody of the Bureau of Prisons for three months rather than 18. That she will spend 15 months in a halfway house during her term of supervised release does not change the fact of the violation, because she will not be in the custody of the Bureau of Prisons during that time.
Corsmeier’s sentence is contrary to law. I would vacate the district court’s judgment and remand for resentencing consistent with the plea agreement. Thus, I respectfully dissent.