NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  14a0757n.06

Case No. 13-3987

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 02, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DEONDRAY O'NEAL BRADLEY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

BEFORE:  DAUGHTREY, ROGERS, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  Defendant-Appellant, Deondray O'Neal Bradley, appeals his sentence for one count of possession with intent to distribute heroin, 21 U.S.C. § 841(b)(1)(C), and for one count of conspiracy to obstruct justice, 18 U.S.C. § 371. Bradley contends (1) that the district court erroneously determined that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), which improperly added five years to his sentence, and (2) that he received ineffective assistance of counsel.  Because the district court implemented the parties' Rule 11(c)(1)(C) agreement, and because we do not address ineffective-assistance claims on direct appeal, we **AFFIRM** the judgment of the district court.

I.

On April 11, 2012, a grand jury returned a six-count superseding indictment against Bradley and two co-defendants, Faith D. Blanks and Zakkee A. Sears. The first three counts charged Bradley with various drug-trafficking offenses, including possession with intent to distribute heroin (Count One); maintaining a place to manufacture, distribute, and possess heroin (Count Two); and distribution of heroin (Count Three). The remaining three counts charged Bradley and his co-defendants with conspiracy to obstruct justice (Count Four); obstruction of justice (Count Five); and witness tampering (Count Six).

On May 3, 2013, Bradley pleaded guilty to Counts One and Four of the superseding indictment pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In exchange for a guilty plea as to Counts One and Four, the Government agreed to dismiss the remaining counts. In the plea agreement, the parties agreed that Bradley's combined offense level was 25, acknowledging the possibility that Bradley qualified as a career offender under § 4B1.1 of the Sentencing Guidelines, which would increase his offense level to 32.[1] Although a finding of career-offender status would subject Bradley to a statutory maximum of 240 months' incarceration, the parties agreed to limit Bradley's sentence to ten years (120 months).

On June 24, 2013, the district court accepted the parties' plea agreement. At a sentencing hearing held on August 12, 2013, the district court sentenced Bradley to concurrent sentences of 120 months and three years of supervised release with a $200 special assessment as to both Counts One and Four.

---

[1] The presentence investigation report ("PSR") concluded that Bradley was a career offender, citing prior convictions for heroin- and cocaine-related offenses.

THE COURT: The guideline calculation obviously calls for a greater sentence, but since there has been an agreement by counsel for the government and counsel for the defendant and the agreement was accepted by the judge who previously presided over this case, I'm not going to disturb the agreement other than to say that if the guideline calculation was determined, it would be much higher.

I think the offense level – well, there's a dispute as to whether it's 25 or 32. And I think the criminal history category is VI, if I recall. No, it's not that. The total criminal history score is 7, so it would be a IV.

So the sentence, obviously if I followed the guidelines, would be much greater, but I have concluded that I should not tamper with that agreement and approve the same, so that's why the sentence is 120 months.

Now, . . . does the defendant have any objection to the sentence as pronounced?

[DEFENSE COUNSEL]: No objection, Your Honor.

The district court entered judgment on August 15, 2013. Bradley timely appealed on August 22, 2013.

## II.

We first address Bradley's challenge to his 120-month sentence. We then decline to address Bradley's ineffective-assistance claim.

## A.

When a district court offers a defendant the opportunity to object to a sentence and the defendant fails to do so, we review challenges to the sentence on appeal for plain error. *United States v. Simmons*, 587 F.3d 348, 374 (6th Cir. 2009); *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). "Plain-error review requires us to determine whether: (1) there was an error, (2) the error was obvious or clear, (3) the error affected the defendant's substantial rights, and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Tate*, 516 F.3d 459, 465 (6th Cir. 2008) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)) (internal quotation marks omitted).

Bradley argues that his "lengthy sentence is attributable to the trial court's erroneous determination that [he] was a 'career offender' under the Sentencing Guidelines." (Appellant's Br. at 10.) The Government responds that Bradley requested and received an agreed-upon sentence, thereby precluding him from ascribing error to the district court. The Government further asserts that the trial court did not declare Bradley to be a career offender, but rather applied the sentence as set forth in the Rule 11(c)(1)(C) plea agreement. The latter argument prevails.

The record belies Bradley's assertion that the district court sentenced him as a career offender. Just before the sentencing hearing concluded, the district judge had the following exchange with defense counsel:

> [DEFENSE COUNSEL]: Judge, I have one question. Just so I am clear on this, the court has not entered a finding of whether [Bradley is] a career offender or not. The court has just agreed that the Rule 11 plea negotiations should be followed?
> THE COURT: Yes.
> [DEFENSE COUNSEL]: Okay.
> THE COURT: I'm not going to worry about a career offender. The defendant and the government agreed to a 120-month sentence. Judge Wells approved that. And I am not about to back up from that. I'm not sure I'd had done it if it had been before me originally, but as far as I am concerned, it's a fact accomplished. That's why I sentenced him to 120 months.
> [DEFENSE COUNSEL]: Okay.

Contrary to Bradley's assertion that the 120-month sentence "is due primarily to him being classified as a 'career offender'" (Appellant's Br. at 2), the conversation above confirms that the sentence is simply a product of the parties' plea agreement. When a district court accepts a Rule 11(c)(1)(C) plea agreement, "it is bound by the bargain." *United States v. Mandell*, 905 F.2d 970, 972 (6th Cir. 1990). "[P]lea agreements must be interpreted in accordance with ordinary contract principles, with the intent of the parties ascertained primarily through the chosen wording of their agreement, and with any ambiguities construed against the

Government." *United States v. Hogg*, 723 F.3d 730, 744 (6th Cir. 2013). The plea agreement in this case contains the following unambiguous provisions:

> 14. **Joint Recommendation of Appropriate Sentence.** After considering the factors in 18 U.S.C. § 3553(a), the parties agree that the appropriate sentence is 120 Months (10 years) and will request[] that the Court impose a sentence of 120 months.
> . . . .
> . . . . [T]he parties realize that [Bradley] may be classified as a career offender based upon his prior criminal record. The parties agree that if [Bradley] is found to be a career offender, his adjusted base offense level will be 32 pursuant to U.S.S.G. § 4B1.1(b). However the parties agree that the appropriate sentence is 120 months (10 years).

The district court did not commit plain error by imposing the sentence to which the parties agreed in the plea agreement, as required by the Rule. Fed. R. Crim. P. 11(c)(1)(C) (agreed-upon sentence "binds the court once the court accepts the plea agreement"). Accordingly, we deny Bradley's challenge to his 120-month sentence.[2]

B.

"This Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Such claims are more appropriately raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255. *Id.* Bradley's ineffective-assistance-of-counsel claim would require some evidence as to whether career-offender status would have actually held up to scrutiny. This case therefore does not fall into the narrow category of ineffective-assistance claims properly addressed on direct appeal.

---

[2] In his reply brief, Bradley raises for the first time an argument that the district judge failed to ensure explicitly that Bradley had reviewed the PSR with his attorney, as required by Federal Rule of Criminal Procedure 32(i)(1)(A). This Court has held on numerous occasions "that an issue is waived when it is not raised in the appellant's opening brief." *United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014) (citing Fed. R. App. P. 28(a); *Miller v. Admin. Office of Courts*, 448 F.3d 887, 893 (6th Cir. 2006)).

III.

For the reasons stated above, we **AFFIRM** the judgment of the district court.